USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/2020

El futuro
es de todos
Cancillería
Consulado de Colombia
en Nueva York

**AC. 361186**

RECEIVED
DEC 30 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

New York, December 21, 2020

**Honorable Judge Valerie E. Caproni**
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007

**Ref.: Fabio Simon Younes Arboleda**
**CASE#: 1:18-cr-00262-VEC-4**

Honorable Judge

Under the Vienna Convention on Consular Relations, (Vienna April 24, 1963), among other responsibilities, Consular functions include:

> *"...subject to the practices and procedures obtaining in the receiving State, representing or arranging appropriate representation for nationals of the sending State before the tribunals and other authorities of the receiving State..."*

On behalf of the Ministry of Foreign Affairs of Colombia, this Consular office is sending you a copy of Diplomatic Note 1614 dated October 19, 2020 and Diplomatic Note 1721 dated October 29, 2020, which contains the assurances made by the Government of the United States to the Government of Colombia, in regards to Mr. Younes's extradition.

It is important to note that honoring these assurances is of utmost importance. Included in those assurances, the Government of the United States recognizes the conditions under which the Government of Colombia agreed to the extradition of Mr. Younes's, and guarantees the Government of Colombia that a sentence of life imprisonment will not be sought or imposed on Mr. Younes, that the death penalty is not authorized punishment for the offenses for which Mr. Younes's extradition was granted, that he will not be subject to forced disappearance, torture or cruel and unusual punishment, degrading or inhumane treatment, or exile. Lastly, that Mr. Younes will not be subject to forfeiture of property absent due process of law.

The Consulate of Colombia is also enclosing the Resolution 234 dated November 27, 2019 and Resolution 081 dated July 16, 2020 by which the Ministry of Justice of Colombia decided on the request for extradition of Defendant Younes. It is important to underline that article ten (10) of the former Resolution 234 dated November 27, 2019 indicates that *"To warn the Requisitioning State on the fact that the citizen extradited*

**Consulado de Colombia en Nueva York**
10East 46th Street New York, NY, 10017
Teléfono local: (212) 798 90 00 – Fax: (212) 972 17 25
cnuevayork@cancilleria.gov.co
Nueva York, Estados Unidos.



El futuro
es de todos

Cancillería
Consulado de Colombia
en Nueva York

**AC. 361186**

*may not be tried or convicted for any prior act other than the reason for the present extradition according with the constitutional and legal provisions, and, particularly with those contained in paragraph 1st Section 494 of Law 906/2004".*

Hence, when and if Defendant Younes's is convicted after entering a plea or going to trial, we are respectfully requesting that you provide us with a copy of the Order of Judgment and Commitment.

Should you have any questions or concerns, please do not hesitate to contact Maria Del Pilar Acosta Rojas, Consul for Attention to Colombian Nationals at (212) 798-9055 or our attorney Ms. Soraya Ruiz Abderrashman at (212) 798-9005.

The Consulate General of Colombia appreciates all the attention that you can offer to this matter.

Sincerely,

**SUSANA BERENGUER VISBAL**
Cónsul General Central

C.C.
**FABIO SIMON YOUNES ARBOLEDA**
INMATE NUMBER 259762
WESTCHESTER COUNTY JAIL
10 WOODS RD
VALHALLA, NY 10595

C.C
**DONALD JOSEPH YANNELLA , III**
**DONALD YANNELLA P.C.**
233 BROADWAY, SUITE 2370
NEW YORK, NY 10279
(212) 226-2883
FAX: (646) 430-8379
EMAIL: NYNJCRIMLAWYER@GMAIL.COM

Enclosures: Resolution 073 dated June 5, 2019. Diplomatic Note 1016 dated July 19, 2019

F:\WPPUBLIC\ASISTENCIA A CONNACIONALES\1. DETENIDOS Y EXTRADITADOS\EXTRADITADOS\UBICADOS\Y\Younes Arboleda, Fabio Simon #36568-004 #259762

Elaboró: MCP
Revisó: MPA

**Consulado de Colombia en Nueva York**
10East 46th Street New York, NY, 10017
Teléfono local: (212) 798 90 00 – Fax: (212) 972 17 25
cnuevayork@cancilleria.gov.co
Nueva York, Estados Unidos.

No. 1614

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to refer to Ministry diplomatic note No. DIAJI 1861, dated August 31, 2020, in which the Ministry informs the Embassy that the Government of Colombia has approved the extradition of Colombian national Fabio Simón Younes Arboleda pursuant to Resolutions No. 234, dated November 27, 2019 and No. 081, dated July 16, 2020.

Furthermore, the Embassy takes note that the Ministry requests as a condition for the extradition of Fabio Simón Younes Arboleda, assurances that he will not be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment, illegal confiscation, life imprisonment, or the imposition of the death penalty. As a condition of his extradition, the Government of the United States assures the Government of Colombia that no such proscriptions will be applied to Younes Arboleda if he is extradited to the United States.

Although the maximum statutory penalty for the charge for which extradition is sought is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed if Fabio Simón Younes Arboleda is extradited to the United States.

Regarding the death penalty assurance requested in the aforementioned Ministry's note, the United States Government does not believe that such assurance is necessary in this case. Pursuant to the criminal laws of the United States, the death penalty is not an authorized punishment for the offenses for which Fabio Simón Younes Arboleda's extradition is sought. Therefore, the death penalty cannot be requested or imposed in this case.

Regarding the other assurances requested in the aforementioned Ministry note, the Government of the United States assures the Government of Colombia that no person extradited to the United States from Colombia will be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment or illegal confiscation. The United States Government reaffirms its commitment to honor these assurances with respect to Fabio Simón Younes Arboleda.

The Embassy of the United States of America avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Colombia the assurances of its highest consideration.

Embassy of the United States of America,

Bogotá, D.C., October 19, 2020.

No. 1721

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to refer to the Ministry's Note DIAJI 1861, dated August 31, 2020, in which the Ministry informs the Embassy that the Government of Colombia has approved the extradition of Colombian national Fabio Simón YOUNES ARBOLEDA, pursuant to Resolutions No. 081, dated July 16, 2020, and No. 234, dated November 27, 2019.

Furthermore, the Embassy takes note that the Ministry requests as a condition for the extradition of YOUNES ARBOLEDA, assurances that YOUNES ARBOLEDA will not be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment, illegal confiscation, life imprisonment, or the imposition of the death penalty. As a condition of his extradition, the Government of the United States assures the Government of Colombia that no such proscriptions will be applied to YOUNES ARBOLEDA if he is extradited to the United States.

Although the maximum statutory penalty for the charges for which extradition is sought is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed, if YOUNES ARBOLEDA is extradited to the United States.

Regarding the death penalty assurance requested in the aforementioned Ministry's note, the United States Government does not believe that such assurance is necessary in this case. Pursuant to the criminal laws of the United States, the death penalty is not an authorized punishment for the offenses for which YOUNES ARBOLEDA's extradition is sought. Therefore, the death penalty cannot be requested or imposed in this case.

As requested by the Government of Colombia, and in light of the ongoing global COVID-19 pandemic the United States further takes this opportunity to provide additional information regarding the measures taken by the authorities in charge of the custody of YOUNES ARBOLEDA. The United States confirms that YOUNES ARBOLEDA will be presented with medical care during the time of detention in the United States of America. The United States Marshals Service (USMS) will maintain pre-trial custody of YOUNES ARBOLEDA. As the USMS does not operate detention facilities, USMS prisoners are detained at any of the approximately 1800 state or local jails nationally to which the USMS has access. The USMS considers many factors in determining in which facility to house a USMS prisoner, including health needs. Jails used by the USMS are required to screen prisoners for any medical, mental health, or dental concerns. If the prisoner has any chronic health concerns, he is referred to the facility physician or mental health specialist for evaluation. Each facility identifies prisoners with any special needs at the time of admission to determine if additional resources are needed. Routine medical care is provided at the jail, and requests for non-emergency medical care (including mental health) that is not available in the facility are sent to the USMS medical staff, who determine medical necessity and approve the visits, procedures, or medications.

Once convicted, YOUNES ARBOLEDA is transferred from USMS custody to the custody of the U.S. Bureau of Prisons (BOP). The BOP has instituted a comprehensive management approach to manage YOUNES ARBOLEDA's health care effectively that includes screening, testing, appropriate treatment, prevention, education, and infection control measures. This includes matching inmates with those institutions that can best meet their medical needs. Additionally, each BOP institution contracts with medical centers in the local vicinity to provide specialized medical treatment. These medical centers offer the BOP a wide range of trained specialists and diagnostic tools. YOUNES ARBOLEDA will be subject to this medical care management system throughout his time of detention.

The BOP has been coordinating COVID-19 efforts since January 2020, using subject-matter experts both internal and external to the agency. Effective June 19, 2020, all inmates entering or departing any BOP facility, are screened and tested by medical staff for COVID-19 upon arrival, and placed in quarantine or medical isolation. Quarantine in the context of COVID-19 refers to separating inmates (in an individual room or unit) apart from other incarcerated individuals not in quarantine. If an inmate tests negative and is asymptomatic (with no symptoms), they remain in quarantine for at least 14 days and are observed for symptoms and signs of the illness during the incubation period, and must test negative again prior to being placed in general population. If an inmate tests positive and/or is symptomatic for COVID-19, the inmate is placed in medical isolation until they are considered recovered by medical staff as determined by U.S. Centers for Disease Control (CDC) guidelines. All institutions have areas set aside for quarantine and medical isolation. Inmates are treated at the institution unless medical staff determine they require hospitalization. All inmates are managed per CDC

guidelines.  More details about BOP's response and additional information can be found at https://www.bop.gov/coronavirus/index.jsp.

Regarding the other assurances requested in the aforementioned Ministry's note, the Government of the United States assures the Government of Colombia that no person extradited to the United States from Colombia will be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment, or illegal confiscation. The United States Government reaffirms its commitment to honor these assurances with respect to YOUNES ARBOLEDA.

The Embassy of the United States of America avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Colombia the assurances of its highest consideration.

Embassy of the United States of America,

Bogotá, D.C., October 29, 2020.



REPÚBLICA DE COLOMBIA

MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO 234 DE

27 NOV 2019

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

**1.** Que mediante Nota Verbal No. 0589 del 13 de abril de 2018, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA**, requerido para comparecer a juicio por delitos de tráfico de narcóticos.

**2.** Que en atención a dicha solicitud, el Fiscal General de la Nación, mediante Resolución del 13 de abril de 2018, decretó la captura con fines de extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con la Cédula de Ciudadanía No. 17.135.373, quien había sido retenido el 9 de abril de 2018, por miembros del Grupo de Estupefacientes DEA-SIU adscrito a la Delegada contra la Criminalidad Organizada de la Fiscalía General de la Nación, con fundamento en una Notificación Roja de Interpol.

**3.** Que mediante Nota Verbal No. 0879 del 7 de junio de 2018, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA.**

La Misión Diplomática informó que dicho ciudadano es el sujeto de la acusación No. 18 Cr.262, (también enunciada como Caso No. 18-262 (VEC)) dictada el 4 de abril de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

En la mencionada acusación, se le imputan los siguientes cargos:

*"ACUSACIÓN FORMAL SELLADA*

*18 CRIM 262*

***CARGO UNO***
***(Concierto para importar cocaína)***

*El Gran Jurado imputa:*

*EN GENERAL*

*1. Desde al menos junio de 2017, o alrededor de dicha fecha, hasta abril de 2018 inclusive, o alrededor de dicha fecha, (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, trabajaron juntos para producir y distribuir aproximadamente 10,000 kilogramos de cocaína desde Colombia a los Estados Unidos y otros lugares.*

*2. En todo momento pertinente para esta acusación formal, (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, fueron miembros y socios de las Fuerzas Armadas Revolucionarias de Colombia, (las 'FARC'). (...).*

*3. Durante el transcurso de sus actividades de narcotráfico, (...) y YOUNES ARBOLEDA declararon que tenían acceso a laboratorios para suministrar la cocaína y acceso a aviones registrados en Estados Unidos para transportar la droga dentro y a través de Colombia, además entregaron kilogramos de cocaína a otros como, entre otras cosas, evidencia de su acceso a cantidades de tonelajes de cocaína.*

*ALEGATOS LEGALES*

*4. Desde al menos junio de 2017, o alrededor de dicha fecha, hasta abril de 2018 inclusive, o alrededor de dicha fecha, en Colombia y otros lugares, en un delito comenzado y cometido fuera de la jurisdicción de un estado o distrito en particular de los Estados Unidos, (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, quienes serán traídos primero y aprehendidos en el Distrito Sur de Nueva York, y otros conocidos y desconocidos, intencionalmente y a sabiendas concertaron, coordinaron, conspiraron, y acordaron en conjunto y entre sí contravenir las leyes que rigen crímenes contra la salud de los Estados Unidos.*

*5. Fue parte y objeto del concierto que (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, y otros conocidos y desconocidos, importarían y efectivamente importaron intencionalmente a los Estados Unidos y al territorio aduanero de los Estados Unidos desde un lugar fuera del mismo una sustancia controlada, en contravención de las Secciones 952(a) y 960(a) (1) del Título 21 del Código de los Estados Unidos.*

*6. Fue además parte y objeto del concierto que (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, y otros conocidos y desconocidos, fabricarían y distribuirían como efectivamente lo hicieron, una sustancia controlada con la intención, a sabiendas, y teniendo causa razonable para creer que dicha sustancia sería importada ilícitamente a los Estados Unidos y a aguas dentro de una distancia de 12 millas de la costa de los Estados Unidos desde un lugar fuera de dicho país, en contravención de las Secciones 959(a) y 960(a)(3) del Título 21 del Código de los Estados Unidos.*

*7. Fue además parte y objeto del concierto que (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, y otros conocidos y desconocidos, fabricarían y distribuirían una sustancia controlada, como efectivamente lo hicieron, a bordo de un avión registrado en los Estados Unidos, y poseyeran una sustancia controlada con la intención de distribuirla, en contravención de las Secciones 959(c) y 960(a)(3) del Título 21 del Código de los Estados Unidos.*

*8. La sustancia controlada involucrada en el delito constaba de cinco kilogramos y más de mezclas y sustancias que contenían una cantidad detectable de cocaína, en contravención de la Sección 960(b)(1)(B) del Título 21 del Código de los Estados Unidos.*

*(Secciones 959 y 963 del Título 21 del Código de los Estados Unidos; y Sección 3238 del Título 18 del Código de los Estados Unidos).*

***CARGO DOS***
***(Intento de importar cocaína)***

*El Gran Jurado imputa además:*

*9. Los alegatos contenidos en los párrafos 1 hasta 3 de la presente acusación formal se reiteran, alegan de nuevo y quedan incorporados en calidad de referencia como si se expusieran aquí completamente.*

*10. Desde al menos junio de 2017, o alrededor de dicha fecha, hasta abril de 2018 inclusive, o alrededor de dicha fecha, en Colombia y otros lugares, en un delito comenzado y cometido fuera de la jurisdicción de un estado o distrito en particular de los Estados Unidos, (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, quienes serán traídos primero y aprehendidos en el Distrito Sur de Nueva York, y otros conocidos y desconocidos, intencionalmente y a sabiendas intentaron fabricar y distribuir una sustancia controlada, con la intención, a sabiendas, y teniendo causa razonable para creer que dicha sustancia sería importada ilícitamente a los Estados Unidos y en aguas dentro de una distancia de 12 millas de la costa de los Estados Unidos desde un lugar fuera de dicho país, en contravención de las Secciones 959(a) y 963 del Título 21 del Código de los Estados Unidos.*

*11. La sustancia controlada involucrada en el delito constaba de cinco kilogramos y más de mezclas y sustancias que contenían una cantidad detectable de cocaína, en contravención de las Secciones 812, 960(a)(3) y 960(b)(1)(B) del Título 21 del Código de los Estados Unidos.*

*(Secciones 959 y 963 del Título 21 del Código de los Estados Unidos; Sección 3238 del Título 18 del Código de los Estados Unidos).*

***CARGO TRES***
***(Intento de importar cocaína)***

*El Gran Jurado imputa además:*

*12. Los alegatos contenidos en los párrafos 1 hasta 3 de la presente acusación formal se reiteran, alegan de nuevo y quedan incorporados en calidad de referencia como si de expusieran aquí completamente.*

*13. Desde al menos junio de 2017, o alrededor de dicha fecha, hasta abril de 2018 inclusive, o alrededor de dicha fecha, en Colombia y otros lugares, en un delito comenzado y cometido fuera de la jurisdicción de un estado o distrito en particular de los*

*Estados Unidos, (...) y FABIO SIMÓN YOUNES ARBOLEDA, los acusados, quienes serán traídos primero y aprehendidos en el Distrito Sur de Nueva York, y otros conocidos y desconocidos, intencionalmente y a sabiendas intentaron importar a los Estados Unidos y al territorio aduanero estadounidense desde un lugar fuera de dicho país una sustancia controlada, en contravención de las Secciones 952, 960 y 963 del Título 21 del Código de los Estados Unidos.*

*14. La sustancia controlada involucrada en el delito constaba de cinco kilogramos y más de mezclas y sustancias que contenían una cantidad detectable de cocaína, en contravención de las Secciones 812, 960(a)(1) y 960(b)(1)(B) del Título 21 del Código de los Estados Unidos.*

*(Secciones 959 y 963 del Título 21 del Código de los Estados Unidos; Sección 3238 del Título 18 del Código de los Estados Unidos)..."*[1]

Adicionalmente, el país requirente, en la Nota Verbal No. 0879 del 7 de junio de 2018, señala:

*"El 4 de abril de 2018, con base en los cargos descritos en la acusación, la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York emitió un auto de detención para la captura de Fabio Simón Younes Arboleda. Dicho auto de detención permanece válido y ejecutable.*

*(...)*

*Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997. Además, todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 1 de diciembre de 2016..."*

**4.** Que luego de formalizada la solicitud de extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI No. 1487 del 7 de junio de 2018, conceptuó:

"Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.

Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentra vigente para las Partes, la siguiente convención multilateral en materia de cooperación judicial mutua:

- La '*Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas*', suscrita en Viena el 20 de diciembre de 1988[2]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:

[1] Folios 166 y siguientes del Cuaderno del Ministerio de Justicia y del Derecho.
[2] Artículo 3° numeral 1° literal a.

---

*'4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.*

*5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.'*

De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por la convención aludida, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano...".

**5.** Que perfeccionado así el expediente de extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, el Ministerio de Justicia y del Derecho, mediante oficio No. OFI18-0333-DAI-1100 del 8 de junio de 2018, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

**6.** Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante pronunciamiento del 6 de noviembre de 2019, habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA**.

Sobre el particular, la H. Corporación precisó:

***"6.- Conclusión***

*La Sala es del criterio que la solicitud de extradición del ciudadano colombiano **Fabio Simón Younes Arboleda**, formulada por el Gobierno de los Estados Unidos de América, es conforme a derecho y, en consecuencia, se procederá a conceptuar favorablemente a dicho pedido.*

*(...)*

***8.- Sobre los condicionamientos***

*Es preciso consignar que corresponde al Gobierno Nacional condicionar la entrega a que el reclamado en extradición no vaya a ser condenado a pena de muerte, ni juzgado por hechos diversos a los que motivaron la petición de extradición, ni sometido a desaparición forzada, torturas, tratos o penas crueles, inhumanas o degradantes, como tampoco a la sanción de destierro, cadena perpetua o confiscación, conforme lo establecen los artículos 11, 12 y 34 de la Carta Política.*

*Igualmente debe condicionar la entrega al respeto, como a cualquier otro nacional en las mismas condiciones, de todas las garantías debidas en razón de*

*su calidad de justiciable, en particular a tener acceso a un proceso público sin dilaciones injustificadas, a que se presuma su inocencia, a estar asistido por un intérprete, a contar con un defensor designado por él o por el Estado, a que se le conceda el tiempo y los medios adecuados para preparar la defensa, a presentar pruebas y controvertir las que se alleguen en su contra, a que su situación de privación de la libertad se desarrolle en condiciones dignas y que la pena privativa de la libertad tenga la finalidad esencial de reforma y adaptación social.*

*Lo anterior, de conformidad con lo dispuesto en los artículos 9, 10 y 11 de la Declaración Universal de Derechos Humanos, 5, 7 y 8 de la Convención Americana de Derechos Humanos y 9, 10, 14 y 15 del Pacto Internacional de Derechos Civiles y Políticos.*

*La Corte estima oportuno señalar al Gobierno Nacional, con el objetivo de salvaguardar los derechos fundamentales del requerido, que proceda a imponer al Estado requirente la obligación de facilitar los medios necesarios para garantizar su repatriación en condiciones de dignidad y respeto por la persona, en caso de llegar a ser sobreseído, absuelto, declarado no culpable, o su situación jurídica resuelta definitivamente de manera semejante en el país solicitante, incluso, con posterioridad a su liberación una vez cumpla la pena allí impuesta por sentencia condenatoria originada en las imputaciones que motivan la extradición.*

*Del mismo modo, al Gobierno Nacional le corresponde condicionar la entrega a que el país reclamante, de acuerdo con sus políticas internas sobre la materia, ofrezca posibilidades racionales y reales para que el requerido pueda tener contacto regular con sus familiares más cercanos, considerando que el artículo 42 de la Constitución Política de 1991 reconoce a la familia como núcleo esencial de la sociedad, garantiza su protección y reconoce su honra, dignidad e intimidad, lo cual se refuerza con la protección que a ese núcleo también prodigan la Convención Americana de Derechos Humanos y el Pacto Internacional de Derechos Civiles y Políticos en sus artículos 17 y 23, respectivamente.*

*La Sala se permite indicar que, en virtud de lo dispuesto en el numeral 2º del artículo 189 de la Constitución Política, le compete al Gobierno en cabeza del señor Presidente de la República como supremo director de la política exterior y de las relaciones internacionales, realizar el respectivo seguimiento a los condicionamientos impuestos al conceder la extradición, quien a su vez es el encargado de determinar las consecuencias derivadas de su eventual incumplimiento.*

*Por lo demás, es resorte del Gobierno Nacional exigir al país reclamante que, en caso de un fallo de condena, tenga en cuenta el tiempo de privación de la libertad soportado por el requerido con ocasión de este trámite.*

---

*9.- El concepto.*

*En mérito de lo expuesto, la **Sala de Casación Penal de la Corte Suprema de Justicia**, emite **concepto favorable** a la solicitud de extradición del ciudadano colombiano **Fabio Simón Younes Arboleda**, formulada por el Gobierno de los Estados Unidos de América, por los cargos contenidos en la acusación formal acusación formal No. 18Cr.262[3] dictada el 4 de abril de 2018, por Tribunal de Distrito de los Estados Unidos - Distrito Sur de Nueva York..."*

7. Que en atención al concepto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con la Cédula de Ciudadanía No. 17.135.373, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los Cargos **Uno** (*Concierto para delinquir, con el conocimiento y la intención importar cinco kilogramos o más de cocaína a los Estados Unidos, desde un lugar fuera de los Estados Unidos; fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos; a bordo de una aeronave registrada en los Estados Unidos, fabricar y distribuir una sustancia controlada y poseer una sustancia controlada con la intención de distribuir*); **Dos** (*Tentativa para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos desde un lugar fuera de los Estados Unidos*); y **Tres** (*Tentativa para importar cinco kilogramos o más de cocaína a los Estados Unidos desde un lugar fuera de los Estados Unidos*), imputados en la acusación No. 18 Cr.262, (también enunciada como Caso No. 18-262 (VEC)) dictada el 4 de abril de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

8. Que, en contra del señor **FABIO SIMÓN YOUNES ARBOLEDA** se reporta el registro No. 110016000050201834971, por la conducta de estafa, que conoce la Fiscalía 236 Seccional de Bogotá.

La autoridad judicial de conocimiento manifiesta que el mencionado radicado se encuentra en etapa de indagación, en la que se generó orden a Policía Judicial para ampliación de denuncia con el fin de esclarecer los hechos.

En punto de este tema, la Sala de Casación Penal de la Corte Suprema de Justicia, en el concepto emitido para este caso, manifestó que consideraba inadecuado disponer la entrega del requerido a las autoridades norteamericanas pues implicaría anteponer una eventual sanción extranjera a aquellas que podrían imponer las autoridades nacionales.

Así lo expresó la Alta Corporación:

---

[3] Folios. 116 -173, ibídem.

*"7.- Cuestión final*

*Como se indicó previamente, contra el mencionado se tramita la actuación 110016000050201834971, por tal razón la Sala considera inadecuado disponer la entrega inmediata del requerido a las autoridades estadunidenses para que comparezca a juicio, dado que ello implicaría anteponer una posible sanción extranjera a aquellas que eventualmente impondrían las autoridades nacionales. Además, con ello se favorecería su evasión, pues culminado el trámite en los Estados Unidos de América el solicitado podría sustraerse de retornar al país.*

*De tal manera, se solicitará al Gobierno Nacional que considere diferir la entrega del requerido hasta tanto culminen los trámites seguidos en su contra por parte de las autoridades nacionales.*

*(...)*

*Finalmente, se **ADVIERTE** que, acorde con el artículo 504 de la Ley 906 de 2004 y los razonamientos expuestos en el ordinal 6º de esta decisión, corresponde al Gobierno Nacional considerar si difiere la entrega del requerido hasta cuando culmine la actuación seguida en su contra por parte de las autoridades nacionales con el propósito de prevalecer la justicia nacional sobre la extranjera.*

Como puede observarse, el radicado No. 110016000050201834971 que se adelanta por el delito de estafa, en el que se reporta como indicado al señor **YOUNES ARBOLEDA**, se encuentra en etapa de indagación, en procura de lograr la ampliación de denuncia para esclarecer los hechos.

Ante esta situación, el Gobierno Nacional encuentra que, en este caso, no se configura el presupuesto previsto en el artículo 504 de la Ley 906 de 2004 que le otorga la facultad para decidir sobre el momento de la entrega de la persona requerida.

Por el contrario, lo que puede constatar de la información allegada al expediente, es que, el ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición, ante lo cual resulta procedente ordenar su entrega al país requirente.

**9.** Que la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, resolvió *"**ABSTENERSE** de tramitar la solicitud elevada por el señor **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con cédula de ciudadanía No. 17.135.373 de Bogotá, relacionada con la activación de la 'garantía de no extradición' consagrada en el artículo transitorio 19 del artículo 1° de Acto Legislativo 01 de 2017, conforme lo manifestado en los fundamentos expuestos en esta providencia... .".*

En el mencionado pronunciamiento, la Sección de Revisión del Tribunal para la Paz, dejó en claro que, en este caso, no concurren los presupuestos del factor personal que le permiten activar su competencia. En efecto, la H. Corporación señaló:

*"Así pues, para la Sección es claro que el señor YOUNES ARBOLEDA no está acreditado como integrante de las FARC-EP en los términos señalados en la ley, puesto que no fue incluido en el listado de integrantes de esa organización quedando, en consecuencia, descartada la configuración de la primera circunstancia que puede estructurar el factor personal.*

*(...)*

*Aclarado lo anterior, sobre el factor personal derivado de una acusación o condena por ser integrante de las FARC-EP proferida en contra de **FABIO SIMÓN YOUNES ARBOLEDA**, se advierte que el Área de Identificación y Registro de la Policía Nacional,. Dirección de Investigación e INTERPOL, dio a conocer que una vez consultada la información sistematizada de antecedentes penales y/o anotaciones, se halló que el mencionado ciudadano presenta notificación de INTERPOL 'Orden de detención... expedida el 04-04-2018 por el Tribunal de Distrito de los Estados Unidos...', sin más.*

*Lo antepuesto permite entrever que el requerido en extradición **NO** ha sido investigado, acusado, juzgado o condenado por 'ser integrante de las FARC-EP', razón por la que es dado pregonar que no existe manifestación emanada de la autoridad judicial nacional que indique que se está ante la segunda de las probabilidades que conllevan hacia la configuración de uno de los requisitos que da lugar a la estructuración del factor personal, esto es, haber sido acusado de formar parte de las FARC-EP.*

*Así las cosas, inane se torna que el solicitante traiga a colación un aparte de la acusación criminal elaborada por el Gran Jurado, aduciendo que de ella 'se desprende mi pertenencia como miembro activo de las FARC', dado que, según indica, allí se le investiga y acusa, por 'hechos delictivos en razón de mi pertenencia', pues lo cierto es que no se acreditó que alguna autoridad judicial colombiana ha emitido condena, o proferido acusación, o surtido investigación contra YOUNES ARBOLEDA por su pertenencia a la citada organización armada.*

*De otro lado, debe puntualizarse que la garantía que se solicita, no está dirigida a los 'civiles no combatientes asociados al conflicto armado – no integrantes de las FARC-', por lo que, en los términos planteados, la pretensión invocada no está llamada a prosperar, si se tiene en cuenta que según el reiterado artículo transitorio 19 del Acto Legislativo No. 01 de 2017 'Dicha **garantía de no extradición alcanza a todos los integrantes de las FARC-EP y a personas acusadas de formar parte de dicha organización, por cualquier conducta realizada con anterioridad a la firma del acuerdo final**, para aquellas personas que se sometan al SIVJRNR (...)'. (subrayado fuera de texto).*

*Por otro lado, no puede olvidarse que el requisito personal se satisface además con el sometimiento del solicitante al Sistema, no obstante, el análisis de esta*

*exigencia se torna innecesaria cuando está claro que tal exigencia no se satisfizo al no acreditarse la condición de integrante de las FARC-EP.*

*Entonces, al NO encontrarse los presupuestos necesarios para activar la competencia, esta Sección de Revisión del Tribunal Especial para la Paz se abstendrá de avocar el conocimiento de este asunto que gira en torno a 'la garantía de no extradición' requerida por una persona que no reúne los presupuestos establecidos en el ordenamiento jurídico especial..."*

Según se desprende de la información allegada al expediente, el auto SRT-AE-077/2018 del 30 de noviembre de 2018, fue impugnado por la apoderada del señor **YOUNES ARBOLEDA**.

La Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-007/2019 del 21 de enero de 2019, resolvió no reponer el auto el auto SRT-AE-077/2018 del 30 de noviembre de 2018.

En cumplimiento de un fallo de tutela, la Sección de Revisión del Tribunal para la Paz, mediante auto del 28 de mayo de 2019, concedió, en el efecto suspensivo, el recurso de apelación interpuesto por la apoderada del señor **YOUNES ARBOLEDA**, contra el auto SRT-AE-077/2018 del 30 de noviembre de 2018.

En la actualidad se está a la espera de que la Sección de Apelación de la Jurisdicción Especial para la Paz resuelva el mencionado recurso.

En punto de este tema, la Sala de Casación Penal de la Corte Suprema de Justicia dejó en claro que al no haberse acreditado la calidad del requerido como integrante o colaborador de las FARC-EP no opera la prohibición de conceder la extradición contenida en el artículo transitorio 19 del Acto Legislativo 01 de 2017, por cuanto no existe indicio alguno de que el requerido tenga la condición de miembro de las FARC-EP.

En esa medida, la Alta Corporación precisó:

*"**2.6.-** De tal manera, se observa que la solicitud de entrega no contraviene las limitaciones constitucionales previamente señaladas y, por esa razón, la Sala procederá a evaluar el cumplimiento de los requisitos convencionales y legales..."*

Si bien no existe limitante de orden constitucional para la concesión de la extradición en este caso, tal como lo señaló la Sala de Casación Penal de la Corte Suprema de Justicia, el Gobierno Nacional, en procura de que se garanticen los derechos fundamentales del ciudadano requerido, condicionará la entrega del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** a la firmeza de la decisión ya adoptada por la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, en el que se resolvió abstenerse de tramitar la solicitud de aplicación de la garantía de no extradición presentada por el ciudadano requerido; o a la decisión en

firme en que se resuelva no dar aplicación a la mencionada garantía en el evento de que, por razón de la impugnación, dicha jurisdicción decidiera avocar conocimiento.

**10.** Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**11.** Que el Gobierno Nacional ordenará la entrega del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** bajo el compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación, sin que sea necesario hacer mención a la prohibición de imponer la pena de muerte, teniendo en cuenta que ésta no es la prevista para los delitos que motivan la presente solicitud de extradición.

**12.** Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

No obstante lo anterior, se advierte que tal y como ha sido costumbre, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

Finalmente el Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con la Cédula de Ciudadanía No. 17.135.373, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los Cargos **Uno** (*Concierto para delinquir, con el conocimiento y la intención importar cinco kilogramos o más de cocaína a los Estados Unidos, desde un*

---

*lugar fuera de los Estados Unidos; fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos; a bordo de una aeronave registrada en los Estados Unidos, fabricar y distribuir una sustancia controlada y poseer una sustancia controlada con la intención de distribuir*); **Dos** (*Tentativa para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos desde un lugar fuera de los Estados Unidos*); y **Tres** (*Tentativa para importar cinco kilogramos o más de cocaína a los Estados Unidos desde un lugar fuera de los Estados Unidos*), imputados en la acusación No. 18 Cr.262, (también enunciada como Caso No. 18-262 (VEC)) dictada el 4 de abril de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

**ARTÍCULO SEGUNDO: Condicionar la entrega** del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** a la firmeza de la decisión ya adoptada por la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, en el que se resolvió abstenerse de tramitar la solicitud de aplicación de la garantía de no extradición presentada por el ciudadano requerido; o a la decisión en firme en que se resuelva no dar aplicación a la mencionada garantía en el evento de que, por razón de la impugnación, dicha jurisdicción decidiera avocar conocimiento.

**ARTÍCULO TERCERO:** Ordenar que la entrega del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** al Estado requirente se lleve a cabo bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

**ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**ARTÍCULO QUINTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderada, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en el artículo 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO SEXTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, a la Sección de Revisión del Tribunal para la Paz y al Fiscal General de la Nación, para lo de sus respectivas competencias.

234

Hoja No. 13 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

**ARTÍCULO SÉPTIMO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderada o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores, a la Sección de Revisión del Tribunal para la Paz y a la Fiscalía General de la Nación y **cúmplase.**

Dada en Bogotá, D.C. a 27 NOV 2019

LA MINISTRA DE JUSTICIA Y DEL DERECHO,

MARGARITA CABELLO BLANCO

Official translation No. 2020-0905 by Anthony Letts official translator per res. 139/1980 Ministry of Justice

**REPUBLIC OF COLOMBIA**
**MINISTRY OF JUSTICE AND LAW**
**RESOLUTION No. 234 OF**
**NOVEMBER 27, 2019**

**DECIDING ON A REQUEST FOR EXTRADITION.**

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
In exercise of his powers under Article 491 of Law 906/2004, and

**WHEREAS:**

**1.** In Diplomatic Note 0589 of April 13, 2018, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention for purposes of extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA**, required to appear for trial for drug-trafficking offenses.

**2.** Attending to this request, the Attorney General, in a Resolution of April 13, 2018, ordered the arrest for purposes of extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA**, ID 17.135.373, who had been detained on April 9, 2018 by members of the DEA-SIU Narcotics Group attached to the Delegate against Organized Crime of the Prosecution Service, based on an Interpol Red Notice.

**3.** The United States Embassy in Colombia, in Diplomatic Note No. 879 of June 7, 2018, formalized the extradition request of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA**

The Embassy informed that this citizen is the subject of Indictment 18 Cr. 262 (also cited as Case No. 18-262 (VEC)) issued on April 4, 2018 by the US District Court for the Southern District of New York:

The following charges were laid in that indictment:

***SEALED INDICTMENT***

***18 CRIM 262***

***COUNT 1***
***(Conspiracy to import cocaine)***

*IN GENERAL*

*1.Since at least June 2017 or around that date, and up to and including April 2018, or around that date (...) and FABIO SIMÓN YOUNES-ARBOLEDA, the accused,*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*worked together to produce and distribute approximately 10,000 kg of cocaine from Colombia to the United States and elsewhere.*

*2. At all relevant times for this indictment, (...) and FABIO SIMÓN YOUNES-ARBOLEDA, the accused, were members and partners of the Revolutionary Armed Forces of Colombia, ('FARC'). (...)*

*3. In the course of their drug-trafficking activities (...), and FABIO SIMÓN YOUNES-ARBOLEDA declared that they had access to laboratories to supply cocaine and access to US-registered aircraft to transport the drugs in and through Colombia, and further, they delivered kilograms of cocaine to other persons as amongst other things, evidence of their access to quantities of tons of cocaine.*

*LEGAL ALLEGATIONS.*

*4. Since at least June 2017 or around that fate date and up to and including April 2018 or around that date in Colombia and elsewhere, in a crime which began and was committed outside the jurisdiction of a state or district in particular of the United States (...) FABIO SIMÓN YOUNES-ARBOLEDA, the accused, who will first be brought and apprehended in the Southern District of New York, and others known and unknown, intentionally and knowingly conspired, coordinated, concerted and agreed together and to contravene the laws which govern crimes against health in the United States.*

*5. It was part and object of the conspiracy that (...) FABIO SIMÓN YOUNES-ARBOLEDA, the accused, and others known and unknown worked to import and effectively did import a controlled substance intentionally into the United States and into US customs territory from a place outside the same, in contravention of section 952 (a) and 960 (a) (1), Title 21, USC.*

*6. It was also part and object of the conspiracy that (...) FABIO SIMÓN YOUNES-ARBOLEDA, the accused, and others known and unknown, worked to manufacture and distribute a controlled substance as they effectively did, with the intent, and knowledge and having reasonable cause to believe that that substance would be illicitly imported into the United States and into waters within 12 miles of the coast of the United States from a place outside that country, in contravention of Sections 959 (a) and 960(a) (3), title 21 , USC.*

*7. It was also part and object of the conspiracy (...) FABIO SIMÓN YOUNES-ARBOLEDA, and others known and unknown were to manufacture and distribute a controlled substance, as effectively they did, while on board and US-registered aircraft, and they possessed a controlled substance with intent to distribute it, in contravention of Sections 959 (c) and 960 (a) (3), Title 21, USC.*

*8. The controlled substance involved in the crime consists of 5 kg and more of mixtures and substances containing a detectable quantities of cocaine in contravention of Section 960 (b) (1) (B) Title 21, USC.*

*(Sections 959 and 963, Title 21, USC, and Section 3236 Title 18 USC).*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

***COUNT 2***
***(Attempted importation of cocaine)***

*The Grand Jury further accuses:*

*9. The allegations contained in paragraphs 1-3 of this indictment are reiterated, again alleged, and incorporated as references if they were fully expanded.*
*10. Since at least June 2017 or around that fate date and up to and including April 2018 or around that date in Colombia and elsewhere, in a crime which began and was committed outside the jurisdiction of a state or district in particular of the United States (...) FABIO SIMÓN YOUNES-ARBOLEDA, the accused, who will first be brought and apprehended in the Southern District of New York, and others known and unknown, attempted to manufacture and distribute a controlled substance with the intent, and knowledge and having reasonable cause to believe that that substance would be illicitly imported into the United States and into waters within 12 miles of the coast of the United States from a place outside that country, in contravention of Sections 959 (a) and 963, Title 21 , USC.*
*intentionally and knowingly conspired, coordinated, concerted and agreed together and to contravene the laws which govern crimes against health in the United States.*
*11. The controlled substance involved in the crime consists of 5 kg and more of mixtures and substances containing a detectable quantity of cocaine in contravention of Sections 812, 960(a)(3) and 960(b)(1)(B) Title 21, USC.*
*(Sections 959 and 963, Title 21, USC, and Section 3238 Title 18 USC).*

***COUNT 3***
***(Attempted importation of cocaine)***

*The Grand Jury further accuses:*

*12. The allegations contained in paragraphs 1-3 of this indictment are reiterated, again alleged, and incorporated as references if they were fully expanded.*
*13. Since at least June 2017 or around that fate date and up to and including April 2018 or around that date in Colombia and elsewhere, in a crime which began and was committed outside the jurisdiction of a state or district in particular of the United States (...) FABIO SIMÓN YOUNES-ARBOLEDA, the accused, who will first be brought and apprehended in the Southern District of New York, and others known and unknown, intentionally and knowingly attempted to import a controlled substance into the US and into US Customs Territory from a place outside the US in contravention of Sections 952, 960 and 963 Title 21,USC.*
*14. The controlled substance involved in the crime consists of 5 kg and more of mixtures and substances containing a detectable quantity of cocaine in contravention of Sections 812, 960(a)(3) and 960(b)(1)(B) Title 21, USC.*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*(Sections 959 and 963, Title 21, USC, and Section 3238 Title 18 USC)[1].*

Additionally, Diplomatic Note No. 879 of June 7, 2018, states that for this case

*"A warrant of arrest against FABIO SIMÓN YOUNES-ARBOLEDA for the above charge was issued on February 18, 2017, by order of the above mentioned Court. Said order remains in force and effect."*

*(...)*

*All the actions of the accused in this case were performed after December 17, 1997. ......Further, all action s of the accused in this case were performed after December 1, 2016...."*

**4.** The request for extradition of **FABIO SIMÓN YOUNES-ARBOLEDA** thus being formalized the Ministry of Foreign Affairs, through its International Legal Affairs Office, issued Communication DIAJI No. 1487 of June 7, 2018 stating that:

"According to our internal criminal procedure, it is in order to proceed subject to the international instruments in force between the Republic of Colombia and the United States of America.

A review of the Ministry´s treaty files shows that the following multilateral convention is in force between the parties, in the matter of mutual judicial cooperation

- The *United Nations Convention against the illicit traffic in narcotic drugs and psychotropic substances* signed in Vienna, on *December 20, 1988*[2]. In this sense, Sections 6.4.and 6.5 of that international instrument read as follows:

  *'4. The Parties which do not subject extradition to the existence of a treaty will recognize the offenses provided for in this Article as extradition cases between them.*

  *"5. Extradition will be subject to the conditions provided for in the legislation of the State required or to the applicable extradition treaties, including the reasons for which the Party required may deny extradition'.*

In view of the above and according to Articles 491 and 496 of Law 906/2004, in matters not regulated by the mentioned Convention, extradition will be governed by Colombian law..."

[1] Folios 166ff Ministry of Justice and Law files
[2] Article3.1.(a)

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

**5.** The files for the extradition of **FABIO SIMÓN YOUNES-ARBOLEDA** thus being complete, the Ministry of Justice and Law, in communication No. OFI18-0333-DAI-1100 of June 8, 2018, sent them to the Criminal Cassation Division of the Supreme Court of Justice, for that Court to give its opinion.

**6.** The Criminal Cassation Division of the Supreme Court of Justice, in a decision on November 6, 2019, found that the requirements had been met as applicable to this case, and gave its favorable opinion for the extradition of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** .

In this regard, the Court said:

> ***"6. Conclusion***
>
> *The Court considers that the extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** made by the United States Government is in accordance with the law and hence will proceed to issue a favorable opinion on that request.*
> *(...)*
>
> ***8. Conditions***
>
> *The Government must be made a condition of delivery that this person may not be sentenced to death penalty, nor tried for acts other than those that motivated extradition, nor subjected to forced disappearance, torture, cruel treatment or inhumane or degrading penalties, banishment, life sentence, nor confiscation, as provided for in articles 11, 12 and 34 of the Constitution.*
>
> *Likewise, the Government must make it a condition of delivery of the required person, that all due guarantees be respected with corresponding to his status as a Colombian national, specifically: that he must have access to a public trial without undue delay, that his innocence be presumed, that he be attended to by an interpreter, that he may have counsel appointed by his or by the State, and that he be given sufficient time and means to prepare his defense, and he may present evidence and dispute the evidence given against him, and his situation of deprivation of liberty shall be conducted in conditions of dignity, and any penalty eventually imposed upon him may not be over-harsh on him, and its essential purpose must be reform and social adaptation.*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*The foregoing, in accordance with Articles 9, 10 and 11 of the Universal Declaration of Human Rights, 5, 7 and 8 of the American Convention of Human Rights, and 9, 10, 14 and 15 of the International Pact of Civil and Political Rights.*

*The Court also considers it appropriate to indicate to the Government that, in order to safeguard the fundamental rights of the person required, the State Requiring must accept the obligation of facilitating the means necessary to guarantee his repatriation in conditions of dignity and respect for the human person, should he be superseded, acquitted, declared not guilty, or if his legal standing is otherwise definitively resolved in a similar manner by the State Requiring, and even after his release, having served the punishment imposed for by the prior conviction originating in the charges which motivated the extradition.*

*Further, the Government must make it a condition of delivery to the State Requiring, following its internal policies on the matter, must offer him real rational possibilities of regular contact with his close family, considering that Article 42 of the 1991 Constitution describes the family as the essential nucleus of society, and guarantees its protection, and recognizes its honor, dignity and intimacy reinforced with the American Convention on Human Rights (Article 17) and the International Pact of Civil and Political Rights (Article 23).*

*The Court advises that under Section 189.2 of the Constitution, it is the duty of the President of the Republic as supreme director of foreign policy and international relations to effect follow-up to the conditions imposed on grant of extradition and determine the consequences of failure to do so.*

*Also, the Government must request State requiring that if convicted, the time that this person has been deprived of his liberty is taken into account.*

*9. THE OPINION*

*By virtue of the foregoing the **Criminal Cassation Bench of the Supreme Court of Justice** issues a **FAVORABLE OPINION** on the extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** as requested by the United States Embassy, for charges laid in indictment 18Cr. 262[3] of April 4, 2018 in the US District Court for the Southern District of New York…".*

[3] Folios 116-173 ibid

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

7. Attending to the favorable opinion of the Criminal Cassation Bench of the Supreme Court of Justice and taking account of the terms of Article 501 of Law 906/2004, the Government is free to act in accordance with national convenience, and will grant the extradition of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** ID ("cedula") 17.135.373 to appear for trial before the US authorities for ***Count 1*** *(Conspiracy to commit an offense with knowledge and intent to import five kilograms or more of cocaine into the United States from a place outside the united States; to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent and having reasonable cause to believe that said substance would be illegally imported into the United States; aboard a U.S-registered aircraft to manufacture and distribute a controlled substance and to possess a controlled substance with intent to distribute);* ***Count 2****. (Attempted manufacture and distribution of five kilograms or more of cocaine with the intent, knowledge and reasonable cause to believe that said substance would be illegally imported into the United States from a place outside the United States); and* ***Count 3****: (Attempted importation of five kilograms or more of cocaine into the United States from a place outside the United States)* alleged in Indictment 18 Cr. 262 (also cited as Case No. 18-262 (VEC)) issued on April 4, 2018 by the US District Court for the Southern District of New York.

8. There is a report of case 1100160000450201834971 against **FABIO SIMÓN YOUNES-ARBOLEDA**, for fraud, being pursued by Regional Prosecutor 236, Bogotá.

The judicial authority of the trial states that this case is in the enquiry stage, in which an order was generated to the judicial police to expand the denunciation made, in order to clarify the facts.

With regard to this issue, the Criminal Cassation Bench of the Supreme Court of Justice, in an opinion on this case, stated that it considered the order the delivery of the person required to the US authorities, because this will imply giving priority to an eventual foreign punishment over whatever the Colombian authorities might impose.

The Court said.

> ***7. Final matter.***
>
> *As indicated earlier, there is case 11001600005201834971 in progress against the accused, and for this reason the Bench considers that it is inappropriate to make the person required immediately available to the US authorities to appear for trial, given that this will imply assigning the possible foreign punishment priority over whatever the Colombian authorities might impose, and hence favor evasion, because, having completed the proceedings United States of America, the person required might arrange for himself not to return to Colombia.*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*The Government is therefore requested to consider deferral of delivery of the person required until the proceedings pursued against him by the Colombian authorities are completed.*

*(...).*

*Finally, the court **WARNS** that in accordance with Article 504 of Law 906/2004 and the arguments expanded in Point 6 of this decision, it is the business of the Government to consider whether it defers delivery of the person required or not, while the proceedings against the Colombian authorities are completed, so that Colombian justice will take precedence over foreign justice.*

As can be seen, Case 1100160000502 0183 4971 pursued for the crime of fraud, in which **YOUNES-ARBOLEDA** is reported to be the subject of a case in the stage of enquiry, in order to secure a an extension of the denunciation to clarify events.

In this situation, the government finds that in this case, the presumption of Article 504 of Law 906/2004, which would permit the government to decide on the timing of the delivery of the person required, is not satisfied

On the contrary, what can be established from the information on file is that the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** is not wanted by the Colombian judicial authority and his arrest is due only for the purposes of the extradition proceedings, in which circumstance, it is in order to order is delivery to the State requiring.

9. The Review Section of the Peace Tribunal, in order SRT-AE-077/2018 of November 30, 2018, decided "*to refrain from processing the request made by Mr **FABIO SIMÓN YOUNES-ARBOLEDA** ID 17.135.373, Bogota, related to the activation of the guarantee of non-extradition contained in Transitory Article 19 of Article 1 of Legislative Act 1/2017, as expressed in the arguments for this decision.*

In that pronouncement, the Review Section of the Peace Tribunal made it clear that in this case, the presumption of the personal factor which would allow competency to be activated are not present. The Court said:

*"So, for this Section, it is clear that Mr YOUNES-ARBOLEDA is not accredited to be a member of FARC-EP in the terms indicated in the law, because he was not included in the list of members of that organization, and therefore, the first condition which may restructure the personal factor has not been configured.*

*(...)*

*With this clarification, with regard to the personal factor derived from an accusation conviction for being a member of FARC-EP, issued against **FABIO***

ANTHONY LETTS
Traductor Juramentado

***SIMÓN YOUNES-ARBOLEDA**, we note that the Identification and Records area of the National Police, Investigation and Interpol Directorate, made it known that after a an enquiry into the computer information of criminal records and notes, it was found that this person had an Interpol notification "detention order... Issued on 04-04 2018 by the District Court for of the United States...", and that is all.*

*The foregoing allows it to be seen that the person required in extradition **HAS NOT** been investigated, indicted, tried or convicted for "being a member of the FARC-EP", for which reason it can be stated that there is no expression from any national traditional authority to indicate that the second of the probabilities which would entail the configuration of one of the requirements for the structuring of personal factor is present, that is, that he has been accused of being part of FARC-EP.*

*Therefore, the applicant has no grounds to cite a section of the indictment prepared by the Grand Jury, adducing that this "suggests my belonging to FARC as an active member", given that, according to what is said that, there he has is being investigated and accused "for criminal acts by reason of my belonging", because what is certain is that it has not been shown that any Colombian judicial authorities issued a conviction or an indictment, or conducted an investigation against **YOUNES-ARBOLEDA** for belonging to that organization.*

*Further, it should be noted that the guarantee requested is not addressed to "non-combatant civilians associated with the armed conflict, who are not members of FARC", because, in the proposed, the claim in the cannot succeed, if we note that according to the quoted transitory Article 19 of Legislative Act 1/2017 **the guarantee of non-extradition refers to all members of FARC-EP and persons accused of forming part of that organization, for any conduct performed prior to the signature of the final agreement** who have submitted to SIVJRNR... (...) (emphasis added)*

*Further, we cannot forget that the personal requirement is satisfied further by subjection of the applicant to the System, but the analysis of this requirement is unnecessary when it is clear that that requirement is not satisfied, because his status of member of FARC-EP was not accredited.*

*Therefore, since the assumptions required to activate competency **HAVE NOT** been are not present, this Review Section of the Special Peace Tribunal will refrain from taking knowledge of this case, which turns on the "guarantee of non-extradition" required for a person who does not meet the requirements established by the special legal order...".*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

As may be inferred from information provided on the file, order SRT-AE-077-2018 of November 30, 2018 was challenged by counsel for **YOUNES-ARBOLEDA**.

The review section of the Peace Tribunal, in order SRT-AE-007/2019, of January 21, 2019, decided not to reconsider the order SRT-AE-077/2018 of November 30, 2018.

In compliance with the decision for the protection of rights, the review section of the Peace Tribunal in order of May 28, 2019, conceded that, for the purposes of suspension, the an appeal made by counsel for **FABIO SIMÓN YOUNES-ARBOLEDA** against the order SRT-AE-077/2018 of November 30, 2018.

Currently, the decision is awaited from the appeals section of the Special Peace Jurisdiction, on this recourse.

With regard to this matter, the Criminal Cassation Bench of the Supreme Court of Justice made it clear that if the status of the person required is a member all collaborator of FARC-EP not been accredited, the prohibition against grant of extradition contained in Transitory Article 19 of Legislative Act 1/2017 would not be operative, because there is no indication that the person required the status of being a member of FARC-EP.

To this extent, the Court said:

> *"2.6. So, we observed that the request for the delivery is not in contravention of the constitutional limitations previously indicated, and for this reason, the court bench proceed to evaluate compliance with the requirements of convention and law.*

While there is no limiting factor of a constitutional order for the grant of extradition in this case, as stated by the Criminal Cassation Bench of the Supreme Court of Justice, in order that the fundamental rights of the person required be guaranteed, the Court will make it a condition of delivery of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA**, that the decision already adopted by the Review Section of the Peace Tribunal is in firm, through order SRT-AE-077/2018 of November 30, 2018, in which it resolved to refrain from processing the request for the application of guarantee of non-extradition presented by the citizen required, or the decision in firm in which it was decided not to apply that guarantee in the event that, by reasons of the challenge, that jurisdiction would decide to take knowledge of it.

**10.** The Government, attending to Section 494.1 of Law 906/2004, will require the Government of the United States not to try the person required for an action prior to or other than that which motivates this request for extradition. Further, acts or evidential material prior to December 17, 1997 may not be included.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

**11.** The Government will order the delivery of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** against the commitment by the State Requiring that it will comply with the conditions of Section 494.2 of Law 906/2004, that is, that he will not be subjected to forced disappearance, torture or cruel, inhuman or degrading treatment or punishment or exile, life imprisonment or confiscation. The proviso against the death penalty is not required here since the offense which is the motive of this extradition request does not attract that penalty.

**12.** The citizen required is entitled to have the time spent detained by order of this extradition procedure recognized in the State Requiring and in order to accredit this situation he may request that the Prosecution Service certify this, since it is the competent authority to do so.

Notwithstanding the foregoing, we note that, as has been customary the International Affairs Department of the Prosecution Service sends a certificate of the time spent in detention by reason of the extradition proceedings to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the Consul to be aware of the situation.

Finally, the Government, through the Ministry of Justice and Law, will send a copy of this decision to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the purposes of Presidential Directive 7/2005 and the Supreme Court of Justice in its opinion.

Therefore it is,

**RESOLVED:**

**ARTICLE 1.** To grant the extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** ID 17.135.373, to stand trial before the U.S. authorities to appear for trial before the US authorities for ***Count 1*** *(Conspiracy to commit an offense with knowledge and intent to import five kilograms or more of cocaine into the United States from a place outside the united States; to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent and having reasonable cause to believe that said substance would be illegally imported into the United States; aboard a U.S-registered aircraft to manufacture and distribute a controlled substance and to possess a controlled substance with intent to distribute);* ***Count 2****. (Attempted manufacture and distribution of five kilograms or more of cocaine with the intent, knowledge and reasonable cause to believe that said substance would be illegally imported into the United States from a place outside the United States); and* ***Count 3****: (Attempted importation of five kilograms or more of cocaine into the United States from a place outside the United States)* alleged in Indictment 18 Cr. 262 (also cited as Case No. 18-262 (VEC)) issued on April 4, 2018 by the US District Court for the Southern District of New York.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

**ARTICLE 2**. To make it a condition of delivery of the citizen Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** that the decision already adopted by the Review Section of the Peace Tribunal must be in firm, through order SRT-AE-077/2018 of November 30, 2018, deciding to refrain from processing the application for the guarantee of non-extradition presented by the citizen required; or the firm decision made not to apply that guarantee, in the event in which, by reason of the challenge, that jurisdiction decides to take knowledge of the matter.

**ARTICLE 3.** To order the delivery of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA,** with the commitment on the part of the State Requiring to comply with conditions referred to in Section 494.2 of Law 906/2004, that is, that he may not be subjected to enforced disappearance, torture or cruel, inhuman or degrading treatment or punishment, exile, life imprisonment or confiscation.

**ARTICLE 4.** The State Requiring will be advised that the citizen extradited may not be tried or convicted for any prior act other than that which was the reason for this request, in accordance with the terms of Section 494.1 of Law 906/2004. Further, acts or evidential material prior to December 17, 1997 may not be included.

**ARTICLE 5**. This decision is to be served on the interested party or his attorney or the person duly authorized by the interested party to receive service, and he is to be informed that there is recourse for revocation against it, and recourse must be entered within ten (10) days following service of this notice, in accordance with Article 76 of the Administrative and Disputes Code.

**ARTICLE 6.** A certified copy of this resolution, subject to enforceability, will be sent to the Legal Office and the Office of Consular Affairs and Colombian Communities Abroad at the Ministry of Foreign Affairs, to the prisons administration INPEC, and to the Attorney General, for them to act accordingly.

**ARTICLE 6.** This Resolution takes effect from the date that it becomes enforceable.

BE this **published**, in *Diario Oficial*, **served** on the required citizen or to his counsel nor the person duly authorized by the interested party to receive service, **communicated** to the Ministry of Foreign Affairs, to the Review Section of the Peace Tribunal and to the Attorney General´s Office and **obeyed.**

Given in Bogotá on November 27, 2019

MINISTER OF JUSTICE AND LAW

**MARGARITA CABELLO-BLANCO**

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

**REPÚBLICA DE COLOMBIA**

**MINISTERIO DE JUSTICIA Y DEL DERECHO**

**RESOLUCIÓN NÚMERO** 081 **DE**

16 JUL 2020

Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega.

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA**

en ejercicio de las facultades que le confiere el artículo 491 de la Ley 906 de 2004, conforme a lo previsto en los artículos 74 y 80 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo, y

**CONSIDERANDO:**

1. Que mediante Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, el Gobierno Nacional concedió la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con la Cédula de Ciudadanía No. 17.135.373, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los Cargos **Uno** (*Concierto para delinquir, con el conocimiento y la intención importar cinco kilogramos o más de cocaína a los Estados Unidos, desde un lugar fuera de los Estados Unidos; fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos; a bordo de una aeronave registrada en los Estados Unidos, fabricar y distribuir una sustancia controlada y poseer una sustancia controlada con la intención de distribuir*); **Dos** (*Tentativa para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos desde un lugar fuera de los Estados Unidos*); y **Tres** (*Tentativa para importar cinco kilogramos o más de cocaína a los Estados Unidos desde un lugar fuera de los Estados Unidos*), imputados en la acusación No. 18 Cr.262, (también enunciada como

PRESIDENCIA DE LA REPÚBLICA
SECRETARÍA JURÍDICA

Revisó

Aprobó

081

Hoja No. 2 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

Caso No. 18-262 (VEC)) dictada el 4 de abril de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

En la misma decisión, el Gobierno Nacional **condicionó la entrega** del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** a la firmeza de la decisión ya adoptada por la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, en la que se resolvió abstenerse de tramitar la solicitud de aplicación de la garantía de no extradición presentada por el ciudadano requerido; o a la decisión en firme en que se resolviera no dar aplicación a la mencionada garantía en el evento de que, por razón de la impugnación, dicha jurisdicción decidiera avocar conocimiento.

**2.** Que, el Ministerio de Justicia y del Derecho, a través del oficio MJD-OFI19-0037506-DAI-1100 del 5 de diciembre de 2019[1], citó a la defensora del ciudadano requerido para que se notificara personalmente de la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019.

Mediante comunicación del 15 de diciembre de 2019, la mencionada apoderada informó al Ministerio de Justicia y del Derecho que ya no representaba al señor **YOUNES ARBOLEDA** y solicitó requerir a este ciudadano para que designara nuevo defensor.

Por su parte, el ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** se negó a atender la diligencia de notificación personal de la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019[2].

El Ministerio de Justicia y del Derecho, a través del oficio MJD-OFI19-0038706-DAI-1100 del 17 de diciembre de 2019[3] informó al señor **FABIO SIMÓN YOUNES ARBOLEDA** sobre la renuncia al poder que hiciera su defensora y lo requirió con el fin de que nombrara un abogado defensor que lo representara en la etapa final del procedimiento de extradición.

Ante el silencio del ciudadano requerido, el Ministerio de Justicia y del Derecho, a través del oficio MJD-OFI20-0000502-DAI-1100 del 14 de enero de 2020, solicitó a la Defensoría del Pueblo la designación de un defensor público que representara al señor **YOUNES ARBOLEDA**.

La Defensoría del Pueblo comunicó[4] al Ministerio de Justicia y del Derecho que designó al abogado Augusto Francisco Sánchez Camaro para que representara los intereses del

[1] Citación enviada a la abogada defensora, por correo certificado y por correo electrónico, el 9 de diciembre de 2019.
[2] De ello se dejó constancia en el folio 43 del libro de anotaciones del Pabellón PAS B, del 16 de diciembre de 2019.
[3] Oficio recibido el 20 de diciembre de 2019 por el señor Younes Arboleda.
[4] Comunicación N° 20200060050179771 del 27 de enero de 2020 radicada el 3 de febrero de 2020.

081

Hoja No. 3 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

señor **YOUNES ARBOLEDA** en el procedimiento de extradición, situación que fue informada al ciudadano requerido mediante oficio MJD-OFI20-0002699-DAI-1100 del 4 de febrero de 2020[5] en el que se le indicaron los datos de contacto (número de celular y correo electrónico) del mencionado defensor.

El Ministerio de Justicia y del Derecho, a través del oficio MJD-OFI20-0002566-DAI-1100 del 3 de febrero de 2020[6] citó al mencionado defensor público para llevar a cabo la diligencia de notificación personal de la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, sin que se presentara para ese efecto.

De conformidad con lo dispuesto en el artículo 67 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo, la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 se notificó personalmente al señor **FABIO SIMÓN YOUNES ARBOLEDA** el 5 de febrero de 2020, según consta en el acta de la diligencia de notificación personal.

La anterior situación fue comunicada al abogado defensor del ciudadano requerido, mediante oficio MJD-OFI20-0005643-DAI-1100 del 20 de febrero de 2020[7].

En dicha comunicación se puso de presente al apoderado que la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, había sido notificada personalmente al ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, el 5 de febrero de 2020, en el establecimiento carcelario donde se encuentra recluido.

Tanto al ciudadano requerido como a su abogado defensor se les informó que contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 procedía el recurso de reposición que podía interponerse dentro de los diez (10) días siguientes a la diligencia de notificación personal.

**3.** Que, estando dentro del término legal, el ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, mediante escrito radicado en el Ministerio de Justicia y del Derecho, el 19 de febrero de 2020, interpuso recurso de reposición contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 con el fin de que se revoque la decisión y en su lugar se niegue la extradición, por cuanto el delito que la motiva es de naturaleza política.

**4.** Que el mencionado recurso está fundamentado en los siguientes argumentos:

[5] Comunicación recibida por el señor Younes Arboleda el 5 de febrero de 2020.
[6] Comunicación enviada al defensor público el 5 de febrero de 2020 mediante correo certificado y mediante correo electrónico.
[7] Enviado por correo electrónico y correo certificado el 21 de febrero de 2020.

081

Hoja No. 4 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

La inconformidad que presenta el ciudadano requerido se concreta en que, en la resolución impugnada, se omitió la consideración de que el delito que motiva la solicitud de extradición es político.

Advierte que es político (i) porque al mencionar que dicha resolución quedaba sujeta a la decisión de la Jurisdicción Especial para la Paz (JEP), necesariamente implicaba el carácter político; (ii) porque el Gobierno Nacional cuando por petición de la JEP solicitó las pruebas al Gobierno de los Estados Unidos para el caso Santrich, las pruebas se referían a que era alto dirigente de la cúpula de las FARC-EP que combatió contra el Estado por razones políticas, aunque acusado por cargos de narcotráfico; (iii) porque en el misma acusación del caso Santrich está solicitado como coacusado, por los mismos hechos y por los mismos cargos y también está señalado de ser miembro y asociado de las FARC-EP, lo cual le reviste el carácter político y como el gobierno de los Estados Unidos de América no entregó las pruebas en el caso Santrich, tampoco existen en su contra, además de que, a sus 74 años de edad, antes de esa acusación del 4 de abril de 2018, no tenía ninguna investigación o proceso por narcotráfico y que, en cambio, desde el año 1990 ha sido perseguido por delito político, por ser ideólogo y activista político con posiciones que ha incomodado a los gobiernos de Colombia y de los Estados Unidos de América.

Manifiesta que siente temor por su vida porque han tratado de asesinarlo en la cárcel y porque percibe que las entidades públicas han sido manipuladas para actuar en su contra. Cuestiona el hecho de que el Gobierno Nacional haya ordenado su extradición el 27 de noviembre de 2019, un día antes de que la JEP se pronunciara sobre la solicitud de garantía de no extradición, esto es, el 28 de noviembre de 2019 y se pregunta por qué el Gobierno Nacional sabía cuál era la decisión que iba a tomar la JEP y por qué no esperó a que la JEP se pronunciara.

Precisa que la Corte Suprema de Justicia emitió el concepto el 6 de noviembre de 2019, con 22 días de anticipación a que la JEP fallara la apelación el 28 de noviembre de 2019 y cuestiona (i) si es legal el hecho de que, estando conociendo la JEP su caso desde el 8 de junio de 2018 hasta el 28 de noviembre de 2019, por ser la competente por jurisdicción, también se pronunciara simultáneamente la Corte Suprema de Justicia que no actuaba desde 2018; y (ii) por qué el Gobierno Nacional omitió mencionar que recibió una comunicación de la JEP del 13 de mayo de 2019 en la que se indicaba "la imposibilidad de continuar con el trámite de extradición del señor Fabio Simón Younes Arboleda con c.c. 27.135.373" y aun así dispuso la remisión a la Corte Suprema de Justicia.

031

Hoja No. 5 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

Por las anteriores circunstancias el recurrente considera que su juez natural era la JEP, pero contrario a esa realidad, la Corte Suprema de Justicia emitió concepto favorable para su extradición.

Advierte que la Jurisdicción Especial para la Paz se pronunció el 28 de noviembre de 2019, pero antes "algo oculto intervino" y cambió la posición que habia asumido el 13 de mayo de 2019 sobre la imposibilidad de continuar con el trámite de extradición y agrega: "La prueba es que dicho Secretario Judicial en esas constancias menciona que hubo varias reuniones de sala, que no es frecuente, para tomar la decisión final de mi caso".

De otra parte, el recurrente señala que la resolución impugnada no está sujetando la extradición a las condiciones previstas en la legislación colombiana, en especial al artículo 35 de la Constitución Política que dice: "la extradición de colombianos por nacimiento se concederá por delitos cometidos en el exterior, considerados como tales en la legislación penal colombiana", lo que además de violar la Constitución y los códigos penal y de procedimiento penal, afecta la soberanía del Estado colombiano, así como los principios rectores del derecho internacional, del derecho penal internacional y de la misma convención que el país requirente invoca en todas las solicitudes de extradición por narcotráfico, y en esa medida solicita que se niegue su extradición por delito político.

Al escrito de impugnación el recurrente anexa un artículo que dice de su autoría, en el que denuncia los pretextos que se utilizan para violar dichas condiciones y que se titula "TEORÍA DE LA UBICUIDAD O EXTRATERRITORIALIDAD", teoría que incluyó la Sala Penal de la Corte Suprema de Justicia en el concepto para justificar su extradición, pero evitando referirse a que su caso es un delito político, que para encubrirlo tuvieron que disfrazarlo por el delito común de narcotráfico.

Adicionalmente, el recurrente manifiesta que el Ministerio de Justicia y del Derecho no pudo haber encontrado cumplidos los requisitos para la extradición y por el contrario tuvo que haberle parecido ilegal la demora de 17 meses por parte de la Corte Suprema para emitir concepto, violando los plazos establecidos en los artículos 497 y 499 del Código de Procedimiento Penal.

Agrega el recurrente que, pese a los esfuerzos de los gobiernos nacionales de turno, no se han hecho cumplir los condicionamientos llamados garantías ni se han tomado las medidas por las consecuencias derivadas del incumplimiento y que motivado por ello escribió artículo que titula "Incumplimiento a la Regla de Especialidad o Regla de Garantías" y que anexa al recurso.

081

Hoja No. 6 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

Cuestiona lo señalado en el numeral 9 de la resolución para indicar que el Gobierno Nacional ha debido no dictar su decisión y esperar que el pronunciamiento de la Sección de Revisión en el que se abstuvo de tramitar la solicitud de garantía de no extradición adquiriera firmeza y agrega: "He venido denunciando que existe una fuerza oculta que me persigue y que tiene poder para manipular las decisiones en las entidades públicas y lo veo en esta resolución en la frase que dice " en la que se resuelva no dar aplicación a la mencionada garantía" preguntándose por qué el Gobierno sabía que se iba a resolver más adelante no dar aplicación a la garantía de no extradición.

En el acápite que el recurrente titula "LA SOLICITUD DE EXTRADICIÓN Y EL INDICTMENT", cuestiona la acusación extranjera y advierte que por falta de pruebas la justicia transicional tuvo que ordenar la libertad de Jesús Santrich, situación que por el derecho a la igualdad también lo debe cobijar.

Indica que el Indictment se divide en dos periodos de tiempo, el primero del 20 de junio al 1 de noviembre de 2017 y el segundo del 2 de noviembre hasta el 8 de febrero de 2018.

Afirma que no participó en los hechos que se le imputan, ni algunas reuniones que se mencionan; que es falso que estuvo en Miami buscando aviones de matrícula norteamericana; que no volvió a tener comunicación con Santrich desde julio de 2017 para tratar proyectos productivos hasta cuando se encontraron en la cárcel en agosto de 2018, ni con Marín desde el 1 de noviembre de 2017 y con Gómez esporádicamente, por lo que es un imposible jurídico los tres cargos que se le imputan. Precisa que en el segundo periodo nunca se enteró de los hechos que narra la acusación hasta que fue capturado el 9 de abril de 2018.

En el contenido que titula "COMPETENCIA DE JURISDICCIÓN ENTRE LA ORDINARIA Y LA ESPECIAL PARA LA PAZ", el recurrente menciona que, ante la negativa de la Sala de Casación Penal de la Corte Suprema de Justicia de remitir el expediente a la JEP, interpuso una acción de tutela ante la Corte Constitucional, remitida por competencia a la Sala Civil de la Corte Suprema de Justicia con el único fin de dirimir la competencia entre la jurisdicción ordinaria y la jurisdicción especial para la paz. Indica que la tutela fue negada al no cumplir el presupuesto de inmediatez precisando que la tardanza se debió a la misma Corte e insiste en que sí existe la urgencia.

En el punto "CUMPLO CON LOS REQUISITOS DE FACTOR PERSONAL DE LA JEP", el recurrente advierte que el 8 de junio de 208 se sometió al SIVJRNR y solicitó a la JEP la aplicación de la garantía de no extradición. Señala que entre los meses de octubre y noviembre de 2019 sucedió una extraña coincidencia en la actuación de las entidades públicas: Indica que la Corte Suprema de Justicia cambió su posición y emitió concepto

081

Hoja No. 7 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

favorable para la extradición el 6 de noviembre de 2019; el Presidente de la República a través del Ministerio de Justicia y del Derecho autorizó la extradición el 27 de noviembre de 2019 y la JEP negó la segunda instancia el 28 de noviembre de 2019.

Afirma el recurrente que el Presidente firmó un día antes del auto de la JEP cuando él seguía en esa jurisdicción, por lo cual es nula la resolución impugnada.

Considera que la Sala Penal de la Corte Suprema de Justicia no debió intervenir en asuntos preferentes, privativos y exclusivos de la JEP, llegando al extremo de decidir que no remitia el expediente a la JEP e interpretar a su acomodo normas hechas para esa justicia transicional argumentando además cosas que no era ciertas como decir que el 6 de febrero de 2019 quedó definida su exclusión de la JEP cuando para el 29 de noviembre de 2019 todavía seguía en la JEP. Indica que esa usurpación de jurisdicción es lo que conduce a declarar la nulidad de la resolución impugnada. Insiste en que esto más que casualidad es causalidad por la persecución de la que es objeto por causa de sus ideas y actividades políticas.

De otra parte, en el aparte que titula "MI DELITO ES POLÍTICO" refiere el recurrente que es ideólogo y activista político y que le incriminan un delito común de narcotráfico porque la Constitución prohíbe la extradición por delitos políticos. Afirma que ha luchado por introducir una verdadera reforma agraria, por la reivindicación del campesinado, por el mejoramiento del sector rural, por la defensa de las minorías étnicas, negritudes y mestizos que son lo más vulnerables. Agrega que lideró muchos grupos que se oponían al Tratado de Libre Comercio con los Estados Unidos en la parte agrícola por ser lesivo para Colombia; que lucha por la integración de las naciones latinoamericanas y caribeñas y que participó activamente en la creación de la Unión de Naciones del Sur UNASUR que la integran 12 países suramericanos e hizo lo mismo como delegado en reuniones previas a la creación de la Comunidad de Estados Latinoamericanos y del Caribe - CELAC con 35 países, con exclusión de Estados Unidos; y que apoya la precaria paz en la República del Líbano indicando que es descendiente de padre libanés. Menciona que es autor de los libros "BIENES INMUEBLES. De la Nación, del Estado y de Particulares"; Integración de América Latina y el Caribe; Integración del Mundo Árabe; El Mundo Árabe y América Latina, Similitudes y Diferencias; Integración de América Latina y el Mundo Árabe y la creación del organismo América del Sur y Países Árabes – ASPA.

Considera que, por sus ideas y actividades políticas, algunas autoridades de los Estados Unidos lo han visto con "recelo" y advierte que no es antinorteamericano, sino que es pro colombiano y pro latinoamericano. Manifiesta que como defensor de la paz participó activamente para que las FARC-EP lograran el Acuerdo de Paz con el Gobierno Nacional y que por sus ideas y actividades ha sido perseguido y objeto de un montaje de

081

Hoja No. 8 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

narcotráfico. Asegura que ha declarado públicamente que combate el narcotráfico por el daño que le hace a la salud y por el daño corruptor y violento que los narcotraficantes hacen a los gobiernos, además porque va en contravía de "su fe cristiana y moral revolucionaria".

Indica que es empresario, estudioso del derecho, analista geopolítico y que su principal empresa es Fabio Younes & Asociados SAS desde hace 46 años, cofundador de la Universidad San Martín con varios programas en varias ciudades del país desde hace casi 40 años.

Afirma que algunos dirigentes y autoridades colombianas lo ven como un peligro para sus intereses particulares y que le aplican la doctrina de enemigo interno y eso explica por qué es perseguido y preso político, la cual manipula a otras autoridades y como sustento de ello señala que en julio de 2019 trataron de asesinarlo en la cárcel la Picota.

Por lo anterior, el ciudadano requerido solicita que se revoque la resolución impugnada y en su lugar se niegue la extradición por estar motivada en un delito político.

En el escrito anexo al recurso que titula "TEORIA DE LA UBICUIDAD O EXTRATERRITORIALIDAD", el recurrente afirma que esta teoría según la cual "un delito cometido en el territorio de Colombia tiene los mismos efectos como si se hubiera cometido en el territorio de los Estados Unidos" viola la Constitución Política y los Códigos Penal y de Procedimiento Penal, pero principalmente es violatoria de la soberanía del Estado colombiano. Considera que si un colombiano comete delito en Colombia debe ser juzgado en territorio colombiano y debe pagar la eventual condena en Colombia.

En el documento anexo denominado "REGLA DE ESPECIALIDAD", el recurrente afirma que esta regla hace parte de las garantías que debe ofrecer el estado requirente pero que el gobierno de los Estados Unidos de América le impone al gobierno de Colombia su arbitraria voluntad, porque una vez la persona es extraditada le incumple esta garantía y es sometido a otras acusaciones, en otras cortes y en otras ciudades y que ante los reclamos que se han hecho la respuesta es que "los extraditados no tienen el derecho para invocar la Regla de la Especialidad y que no tienen capacidad legal para ello", ante lo cual el Gobierno Nacional debería suspender las extradiciones.

Finalmente, mediante comunicación radicada el 4 de marzo de 2020 en el Ministerio de Justicia y del Derecho, el recurrente allega el documento titulado "NO A LA EXTRADICIÓN POR DELITOS NO COMETIDOS EN EL EXTERIOR" en el que se exponen las razones del por qué un colombiano solicitado en extradición que no ha cometido delitos en los Estados Unidos de América no debe ser extraditado.

081

Hoja No. 9 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

Este último documento no será tenido en cuenta como argumento del recurso comoquiera que fue presentado de manera extemporánea.

5. Que, en relación con los argumentos expuestos, el Gobierno Nacional considera:

Por disposición constitucional[8], la extradición podrá concederse de acuerdo con lo dispuesto en los tratados públicos suscritos sobre la materia, o en su defecto con lo señalado en la ley.

En el presente caso, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI No. 1487 del 7 de junio de 2018, conceptuó que en los aspectos no regulados por la "*Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas*", suscrita en Viena, el 20 de diciembre de 1988, el trámite debía regirse por lo previsto en el ordenamiento jurídico colombiano.

Bajo ese marco normativo, las entidades que intervinieron en el trámite de extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** adelantaron las actuaciones en lo de su competencia, dentro de los plazos previstos en la ley, siempre observando un debido proceso y garantizando el derecho de defensa.

El señor **FABIO SIMÓN YOUNES ARBOLEDA** está acusado en el país requirente por su presunta participación en una organización de tráfico de narcóticos que opera desde Colombia, responsable de transportar cientos de múltiples kilogramos de narcóticos hacia los Estados Unidos.

La Sala de Casación Penal de la Corte Suprema de Justicia, verificó que en este caso se diera cumplimiento a lo previsto en la Carta Política y luego realizó el análisis de los requisitos formales del pedido de extradición siempre velando por la salvaguarda de los derechos y garantías fundamentales del ciudadano requerido, quien ejerció plenamente su derecho de defensa a través de los abogados que designó para que lo representaran en el procedimiento.

En efecto, la H. Corporación constató la existencia de un delito cometido en el exterior, considerado como tal en la legislación penal colombiana y de naturaleza común, no política, ocurrido con posterioridad al inicio de la vigencia del Acto Legislativo 01 de 1997.

---

[8] Artículo 35 de la Constitución Política, modificado por el Acto Legislativo N° 01 de 1997

081

Hoja No. 10 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

En punto de estos temas, la H. Corporación señaló:

> *"De conformidad con lo anterior, a la luz de la teoría mixta o de la ubicuidad,[9] empleada por la jurisprudencia y la doctrina para determinar el factor territorial en los casos de delitos trasnacionales, el concierto para delinquir con fines de narcotráfico y el tráfico de estupefacientes, conductas imputadas al requerido, se entienden ejecutadas también en el territorio del Estado requirente y, por esa misma razón, cometidas en el extranjero.*
>
> ***2.3.-** Según los ordinales 1° y 10° del artículo 3º de la Convención de las Naciones Unidas contra el Tráfico de Estupefacientes y Sustancias Sicotrópicas, esos delitos no se consideran políticos o políticamente motivados.*
>
> ***2.4.-** Una vez revisada la documentación aportada por el Gobierno de los Estados Unidos de América, se constata la ejecución de los eventos materia de juzgamiento, aproximadamente, entre junio de 2017 hasta abril de 2018,[10] esto es, con posterioridad al inicio de la vigencia del Acto Legislativo 01 de 1997..."*

En la oportunidad probatoria, la defensa del ciudadano requerido solicitó a la Sala de Casación Penal de la Corte Suprema de Justicia que remitiera el expediente de extradición a la Jurisdicción Especial para la Paz - JEP, bajo el argumento de que, en la acusación formal No. 18 Cr. 262 (también enunciada como caso No. 18-262 (VEC) dictada el 4 de abril de 2018 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York, se señalaba al señor **YOUNES ARBOLEDA** como exintegrante de las FARC-EP, y que la JEP era la llamada a verificar si los hechos que fundamentan el pedido de extradición correspondían a conductas objeto del Sistemas Integral de Verdad, Justicia,. Reparación y No Repetición - SIVJRNR.

La Sala de Casación Penal de la Corte Suprema de Justicia, en pronunciamiento del 31 de octubre de 2018 se abstuvo de remitir el expediente de extradición a la Sección de Revisión del Tribunal para la Paz bajo el argumento de que dicho proceder debía estar sustentado en evidencia indicativa de que el solicitado pertenecía o colaboraba con las extintas FARC-EP y constató que en el caso del señor **YOUNES ARBOLEDA** no se evidenciaba la acreditación de este presupuesto, advirtiendo la necesidad de decretar oficiosamente la práctica de medios de persuasión tendientes a esclarecer tal situación y para ello, entre otros aspectos, dispuso oficiar al Alto Comisionado para la Paz, así como a las Secretarías General y Judicial de la Jurisdicción Especial para la Paz, para que informaran si **FABIO SIMÓN YOUNES ARBOLEDA** había sido identificado como

---

[9] «(i) el sitio de realización de la acción, según el cual el hecho se entiende cometido donde se llevó a cabo total o parcialmente la exteriorización de la voluntad; (ii) la del resultado, que estima realizado el hecho donde se produjo el efecto de la conducta y; (iii) la teoría mixta o de la ubicuidad, que considera cometido el hecho donde se efectuó la acción de manera total o parcial, como también en el sitio donde se produjo o debió materializarse el resultado». Cfr. CSJ CP, 30 enero 2013, rad. 40275, entre otras.

[10] Folios. 166 y ss., Carpeta del Ministerio de Justicia y del Derecho.

031

Hoja No. 11 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

miembro de las FARC-EP en el listado suministrado por los representantes de ese grupo y si se sometió al SIVJRNR. Así mismo, de manera oficiosa dispuso oficiar a la Fiscalía General de la Nación para que verificara en sus sistemas de información, incluyendo SPOA, SIJUF, SIAN, si había registro de acusaciones o sentencias proferidas contra **FABIO SIMÓN YOUNES ARBOLEDA**, como integrante o colaborador de las FARC-EP.

La Sala de Casación Penal de la Corte Suprema de Justicia mediante pronunciamiento del 6 de febrero de 2019 no repuso la anterior decisión y precisó que la "acusación" a la cual hace referencia el inciso 2° del artículo transitorio 19° del Acto Legislativo 01 de 1997 debe provenir de una autoridad judicial nacional.

Luego de verificar que no existían limitaciones de orden constitucional, la H. Corporación encontró acreditados los requisitos que establece la ley para que sea procedente la extradición y en ese sentido, verificó que los documentos que sustentan el pedido cumplieran con las condiciones de validez que reclama la normatividad aplicable; encontró cumplidos los requisitos de la plena identidad del requerido, de doble incriminación y de equivalencia de la providencia proferida en el extranjero con la resolución de acusación colombiana, ante lo cual, el 6 de noviembre de 2019, emitió concepto favorable para la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA.**

Por su parte, el Gobierno Nacional, en uso de la facultad que le otorga la ley, concedió la extradición del señor **YOUNES ARBOLEDA**, para que comparezca a juicio en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York por delitos de tráfico de narcóticos.

El recurrente insiste en que el delito que motiva la solicitud de extradición es un delito político y que el Gobierno Nacional omitió tal consideración al punto que condicionó la entrega a la decisión que adoptara la Jurisdicción Especial para la Paz.

La Corte Suprema de Justicia ha precisado que el delito político es *"aquella infracción penal cuya realización busca el cambio de las instituciones o sistemas de gobierno para implantar otros que el sujeto activo, generalmente caracterizado por su espíritu altruista y generoso, considere más justos[11]"*.

También ha señalado que ninguna actividad delictiva constitutiva de narcotráfico puede estimarse conexa al delito político porque el legislador no lo ha estimado así y la Convención de las Naciones Unidas sobre Tráfico Ilícito de Estupefacientes y

[11] Auto Segunda Instancia, 7 de abril de 1995, radicación n.° 10.297, M.P. Carlos Eduardo Mejía Escobar.

031

Hoja No. 12 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

Sustancias Sicotrópicas, aprobada en Viena el 19 de diciembre de 1998, de la cual Colombia hace parte, le niega ese carácter.

Así lo ha precisado la H. Corporación:

"La naturaleza de las conductas imputadas por la autoridad foránea al requerido, argüida por la defensa como política, en realidad corresponde a delitos comunes por cuanto el hecho de concertarse para traficar estupefacientes y armas de uso privativo de las Fuerzas Armadas y, de hecho, traficarlos, constituye un comportamiento diverso y autónomo de los punibles de rebelión y sedición de los artículos 467 y 468 del Código Penal.

Aún más, **la Sala ha decantado cómo ninguna actividad delictiva constitutiva de narcotráfico puede estimarse conexa al delito político porque el legislador no lo ha estimado así y la Convención de las Naciones Unidas sobre Tráfico Ilícito de Estupefacientes y Sustancias Sicotrópicas, aprobada en Viena el 19 de diciembre de 1998, de la cual Colombia hace parte, le niega ese carácter.** Véase lo razonado en anterior oportunidad:

*Empero, en orden a dar respuesta al segundo interrogante, también es preciso destacar que* ***ninguna actividad delictiva constitutiva de narcotráfico puede estimarse como conexa a un delito político como factor impediente de una solicitud de extradición, no sólo porque el legislador no lo ha estimado así, sino porque la misma comunidad internacional le niega ese carácter.*** *En efecto, la Convención de las Naciones Unidas sobre tráfico ilícito de estupefacientes y sustancias sicotrópicas, aprobada en Viena el 19 de diciembre de 1998, e incorporada al derecho interno mediante la Ley 67 de 1993, estatuyó en su artículo 3º-10 que:*
*"A los fines de cooperación entre las partes prevista en la presente convención, en particular la cooperación prevista en los artículos 5º, 6º, 7º y 9º, los delitos tipificados de conformidad con el presente artículo no se considerarán como delitos fiscales o como delitos políticos ni como delitos políticamente motivados, sin perjuicio de las limitaciones constitucionales y de los principios fundamentales del derecho interno de las partes." ..."*[12]

En el presente caso, siguiendo este lineamiento, la Sala de Casación Penal de la H. Corte Suprema de Justicia, en el concepto emitido el 6 de noviembre de 2019, dejó claramente expuesto que los cargos de tráfico de narcóticos que motivan el pedido de extradición imputados al señor **YOUNES ARBOLEDA** en la acusación dictada el 4 de abril de 2018 constituyen, en la legislación colombiana, los delitos de *«concierto para delinquir agravado»* y *«tráfico, fabricación o porte de estupefacientes agravado»*, conductas que no tienen connotación política.

[12] Corte Suprema de Justicia. Sala de Casación Penal. Concepto del 23 de julio de 2014. M.P. María del Rosario González Muñoz. Rad. 43674.

081

Hoja No. 13 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

En efecto, la Alta Corporación precisó que según los ordinales 1° y 10° del artículo 3° de la Convención de las Naciones Unidas contra el Tráfico de Estupefacientes y Sustancias Sicotrópicas, **esos delitos no se consideran políticos o políticamente motivados.**

El lugar de la ocurrencia de los hechos también fue un aspecto analizado por la Corte Suprema de Justicia en su concepto. En punto de este tema, la H. Corporación dejó establecido que, "a la luz de *la teoría mixta o de la ubicuidad*,[13] empleada por la jurisprudencia y la doctrina para determinar el factor territorial en los casos de delitos trasnacionales, el *concierto para delinquir con fines de narcotráfico* y el *tráfico de estupefacientes*, conductas imputadas al requerido, **se entienden ejecutadas también en el territorio del Estado requirente y, por esa misma razón, cometidas en el extranjero.**" (Resaltado fuera del texto).

Bajo ese entendido, el hecho de que un ciudadano no haya salido del país, como lo entiende el recurrente, no significa que no pueda cometer delito en el exterior. Así lo señaló la Corte Constitucional en la sentencia T-1736/2000: "*Es cierto que de acuerdo con la regulación del factor territorial en las normas del Código Penal y del Código de Procedimiento Penal colombianos, la estadía de los sindicados en territorio colombiano no significa que, necesariamente, sólo puedan haber delinquido en el país, o que la Fiscalía tenga que adelantar investigación formal...*". (Subrayado fuera del texto).

La Sala de Casación Penal de la Corte Suprema de Justicia se ha pronunciado en el mismo sentido. En el concepto emitido el 28 de julio de 2004, dentro del proceso de extradición radicado 21.887, la H. Corporación señaló:

> *"En los delitos de concierto con fines de narcotráfico, la Sala tiene establecido no sólo que en ellos participan una serie de personas previamente concertadas, sino que las conductas indicativas del acuerdo se manifiestan en cada uno de los países involucrados en el comercio ilícito, el país de origen, los de tránsito y el de destino. Esto último también ocurre en el tráfico de estupefacientes.*
> *(...)*
>
> *[e]l tráfico de estupefaciente vincula tanto a las personas como a los países por donde hace tránsito la droga incluyendo por su puesto al de su destino. De suerte que en relación con ellos también se satisface el presupuesto de estirpe constitucional.*
>
> *Ahora, aparte de que en el territorio colombiano se hubiera efectuado el decomiso de la cocaína, de acuerdo con cualquiera de las teorías que permiten establecer el lugar*

[13] «(i) el sitio de realización de la acción, según el cual el hecho se entiende cometido donde se llevó a cabo total o parcialmente la exteriorización de la voluntad; (ii) la del resultado, que estima realizado el hecho donde se produjo el efecto de la conducta y; (iii) la teoría mixta o de la ubicuidad, que considera cometido el hecho donde se efectuó la acción de manera total o parcial, como también en el sitio donde se produjo o debió materializarse el resultado». Cfr. CSJ CP, 30 enero 2013, rad. 40275, entre otras.

081

Hoja No. 14 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

> *de la ocurrencia de los hechos consagradas en el artículo 14 del Código Penal, la del lugar de la realización de la conducta que entiende cometido el hecho en el sitio en donde se llevó a cabo total o parcialmente la exteriorización de la voluntad, la del resultado que lo concibe ejecutado en el territorio en donde se produjo el efecto de la conducta, y la mixta o de la ubicuidad que lo da por ejecutado en donde se realizó la acción total o parcialmente, como en el sitio en donde se produjo o debió producir el resultado; lo cierto es que las conductas endilgadas al requerido parcialmente fueron ejecutadas en el exterior...".*

La posición tanto de la Corte Suprema de Justicia como del Gobierno Nacional en torno a estos señalamientos ha sido constante para todos aquellos casos que involucran conductas relacionadas con el tráfico ilícito de estupefacientes, que al traspasar las fronteras nacionales se adecuan a la exigencia constitucional de que, para conceder la extradición de colombianos por nacimiento, el delito se haya cometido en el exterior.

Ahora bien, contrario a lo manifestado por el recurrente, el Gobierno Nacional en este caso, no desconoció los derechos o garantías fundamentales del ciudadano requerido. De la documentación allegada al expediente se observa que el 7 de junio de 2018, el señor **FABIO SIMÓN YOUNES ARBOLEDA** solicitó a la Sección de Revisión del Tribunal para la Paz la aplicación de la garantía de no extradición (GNE).

Por tratarse de una garantía de orden constitucional prevista en el artículo transitorio 19 del Acto Legislativo N° 01 de 2017, la Subsección Primera de la Sección de Revisión del Tribunal para la Paz, previo a avocar conocimiento, mediante auto SRT-AE-029/2018 del 21 de junio de 2018 requirió a diferentes entidades y al propio solicitante para recabar información que le permitiera establecer si la Sección de Revisión era competente para estudiar la solicitud.

La jurisdicción y competencia de la Sección de Revisión se activa cuando de la información y documentación aportada en la solicitud o requerimiento se puede concluir que existe un trámite de extradición y que, además, concurren los presupuestos del factor de carácter personal.

El factor personal de competencia se presenta cuando el requerido en extradición se encuentra por lo menos en alguna de estas situaciones:

Ha sido integrante de las FARC-EP, y se ha sometido a la JEP.

Ha sido acusado de formar parte de las FARC-EP, y se ha sometido a la JEP.

Es familiar hasta el segundo grado de consanguinidad o primero de afinidad de un integrante de las FARC-EP o de alguien acusado o señalado de ser integrante de las

081

Hoja No. 15 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

FARC-EP en una solicitud de extradición, siempre y cuando esta obedezca a hechos o conductas relacionadas con la pertenencia o acusación de pertenencia a las FARC-EP.

La Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, resolvió *"**ABSTENERSE** de tramitar la solicitud elevada por el señor **FABIO SIMÓN YOUNES ARBOLEDA**, identificado con cédula de ciudadanía No. 17.135.373 de Bogotá, relacionada con la activación de la 'garantía de no extradición' consagrada en el artículo transitorio 19 del artículo 1° de Acto Legislativo 01 de 2017, conforme lo manifestado en los fundamentos expuestos en esta providencia... .".*

En el mencionado pronunciamiento, la Sección de Revisión del Tribunal para la Paz, dejó en claro que, en este caso, no concurren los presupuestos del factor personal que le permiten activar su competencia. En efecto, la H. Corporación señaló:

> *"Así pues, para la Sección es claro que el señor YOUNES ARBOLEDA no está acreditado como integrante de las FARC-EP en los términos señalados en la ley, puesto que no fue incluido en el listado de integrantes de esa organización quedando, en consecuencia, descartada la configuración de la primera circunstancia que puede estructurar el factor personal.*
>
> *(...)*
>
> *Aclarado lo anterior, sobre el factor personal derivado de una acusación o condena por ser integrante de las FARC-EP proferida en contra de **FABIO SIMÓN YOUNES ARBOLEDA**, se advierte que el Área de Identificación y Registro de la Policía Nacional,. Dirección de Investigación e INTERPOL, dio a conocer que una vez consultada la información sistematizada de antecedentes penales y/o anotaciones, se halló que el mencionado ciudadano presenta notificación de INTERPOL 'Orden de detención... expedida el 04-04-2018 por el Tribunal de Distrito de los Estados Unidos...', sin más.*
>
> *Lo antepuesto permite entrever que el requerido en extradición **NO** ha sido investigado, acusado, juzgado o condenado por 'ser integrante de las FARC-EP', razón por la que es dado pregonar que no existe manifestación emanada de la autoridad judicial nacional que indique que se está ante la segunda de las probabilidades que conllevan hacia la configuración de uno de los requisitos que da lugar a la estructuración del factor personal, esto es, haber sido acusado de formar parte de las FARC-EP.*
>
> *Así las cosas, inane se torna que el solicitante traiga a colación un aparte de la acusación criminal elaborada por el Gran Jurado, aduciendo que de ella 'se desprende mi pertenencia como miembro activo de las FARC', dado que, según indica, allí se le investiga y acusa, por 'hechos delictivos en razón de mi pertenencia', pues lo cierto es que no se acreditó que alguna autoridad judicial colombiana ha emitido condena, o proferido acusación, o surtido investigación contra YOUNES ARBOLEDA por su pertenencia a la citada organización armada.*
>
> *De otro lado, debe puntualizarse que la garantía que se solicita, no está dirigida a los 'civiles no combatientes asociados al conflicto armado – no integrantes de las FARC-', por lo que, en los términos planteados, la pretensión invocada no está llamada a prosperar, si se tiene en cuenta que según el reiterado artículo transitorio 19 del Acto Legislativo No. 01 de 2017 'Dicha **garantía de no extradición alcanza a todos los integrantes de las FARC-EP***

081

Hoja No. 16 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

*y a personas acusadas de formar parte de dicha organización, por cualquier conducta realizada con anterioridad a la firma del acuerdo final, para aquellas personas que se sometan al SIVJRNR (...)'. (subrayado fuera de texto).*

*Por otro lado, no puede olvidarse que el requisito personal se satisface además con el sometimiento del solicitante al Sistema, no obstante, el análisis de esta exigencia se torna innecesaria cuando está claro que tal exigencia no se satisfizo al no acreditarse la condición de integrante de las FARC-EP.*

*Entonces, al NO encontrarse los presupuestos necesarios para activar la competencia, esta Sección de Revisión del Tribunal Especial para la Paz se abstendrá de avocar el conocimiento de este asunto que gira en torno a 'la garantía de no extradición' requerida por una persona que no reúne los presupuestos establecidos en el ordenamiento jurídico especial..."*

Según se desprende de la información allegada al expediente, el auto SRT-AE-077/2018 del 30 de noviembre de 2018, fue impugnado por la apoderada del señor **YOUNES ARBOLEDA**.

La Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-007/2019 del 21 de enero de 2019, resolvió no reponer el auto el auto SRT-AE-077/2018 del 30 de noviembre de 2018.

En esta decisión, la Sección de Revisión precisó lo siguiente:

*"Así las cosas, en atención a que la exigencia de la norma superior para ser acreedor de la garantía de no extradición por el factor personal es haber sido acusado por pertenecer a las FARC-EP, una interpretación razonada de esa disposición normativa lleva a entender que la acusación por ese aspecto solo puede ser la proferida por autoridades nacionales, pues '...el hecho de ser miembro de una organización al margen de la ley, como las FARC-EP, no es un motivo que pueda constituirse en el sustento fáctivo suficiente para configurar un comportamiento que por sí solo pueda considerarse delito en otro país, como sí ocurre en nuestra legislación penal'[14].*

*De este modo, aunque la autoridad judicial extranjera haya expresado que FABIO SIMÓN YOUNESARBOLEDA es miembro o socio de las FARC-EP, en ningún aparte del indictment acusó a este ciudadano por ese aspecto, es decir, bajo el entendimiento de acusación como compuesta de un aspecto fáctico y jurídico, la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York, dejó el hecho de la pertenencia a las FARC-EP desprovisto de una calificación jurídica.*

*En efecto, en el indictment no se formula cargo alguno en contra de FABIO SIMON YOUNES ARBOLEDA que tuviera motivación en su supuesta colaboración, vinculación o pertenencia a esa organización, pues lo que fue motivo de acusación es que el aludido ciudadano y otras personas, se concertaron para importar cocaína[15], e intentar importar cocaína[16]..."*

[14] Auto SRT-AE-077 de 30 de noviembre de 2018 objeto del recurso que aquí se resuelve.
[15] CARGO UNO
[16] CARGO DOS Y TRES.

081

Hoja No. 17 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

En cumplimiento de un fallo de tutela, la Sección de Revisión del Tribunal para la Paz, mediante auto del 28 de mayo de 2019, concedió, en el efecto suspensivo, el recurso de apelación interpuesto por la apoderada del señor **YOUNES ARBOLEDA**, contra el auto SRT-AE-077/2018 del 30 de noviembre de 2018.

El Gobierno Nacional, en la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, a través de la cual concedió extradición del señor **YOUNES ARBOLEDA**, en procura precisamente de garantizar los derechos fundamentales de este ciudadano condicionó su entrega a la firmeza de la decisión ya adoptada por la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, en el que se resolvió abstenerse de tramitar la solicitud de aplicación de la garantía de no extradición presentada por el ciudadano requerido; o a la decisión en firme en que se resuelva no dar aplicación a la mencionada garantía en el evento de que, por razón de la impugnación, dicha jurisdicción decidiera avocar conocimiento.

Lo anterior en los siguientes términos:

> *"**ARTÍCULO SEGUNDO: Condicionar la entrega** del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** a la firmeza de la decisión ya adoptada por la Sección de Revisión del Tribunal para la Paz, mediante auto SRT-AE-077/2018 del 30 de noviembre de 2018, en el que se resolvió abstenerse de tramitar la solicitud de aplicación de la garantía de no extradición presentada por el ciudadano requerido; o a la decisión en firme en que se resuelva no dar aplicación a la mencionada garantía en el evento de que, por razón de la impugnación, dicha jurisdicción decidiera avocar conocimiento."*

El Secretario Judicial de la Sección de Apelación del Tribunal para la Paz mediante oficio TP SA 2516-2019 del 18 de diciembre de 2019 informó al Ministerio de Justicia y del Derecho que la Sección de Apelación del Tribunal para la Paz mediante Auto TP-SA N° 273 del 28 de noviembre de 2019 resolvió confirmar la decisión de la Sección de Revisión en la que resolvió abstenerse de tramitar la solicitud de aplicación de garantía de no extradición presentada por el señor **YOUNES ARBOLEDA**, y revocar la decisión de remitir la solicitud de este ciudadano a la Sala de Amnistía o Indulto de la JEP.

El Secretario Judicial de la Sección de Apelación del Tribunal para la Paz, mediante oficio TP-SA 884-2020 del 23 de abril de 2020 informó al Ministerio de Justicia y del Derecho que el auto por medio del cual la Sección de Apelación del Tribunal para la Paz resolvió el recurso de apelación formulado contra el auto del 30 de noviembre de 2018 proferido por la Sección de Revisión, quedó ejecutoriado el 7 de enero de 2020 a las 5:30 p.m.

El mencionado funcionario agregó:

081

Hoja No. 18 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

*"Lo anterior teniendo en consideración que, el 31 de diciembre de 2019 a las 8:00 a.m., se fijó el Estado No. 161 de 2019, y por tanto, dicha providencia quedó en firme transcurridos los tres días hábiles siguientes..."*

De lo expuesto queda claro que, en el presente caso, se observó el debido proceso; no se configuró limitante de orden constitucional que haga improcedente la extradición del ciudadano **YOUNES ARBOLEDA**, pudiéndose constatar que el delito que motiva la extradición no es delito político, que tuvo ocurrencia en el exterior y que no está cobijado por la garantía de no extradición al no acreditarse el factor personal, esto es, que no es miembro de las extintas FARC-EP ni se acreditó que alguna autoridad judicial colombiana hubiere emitido condena, o proferido acusación, o surtido investigación contra **YOUNES ARBOLEDA** por su pertenencia a la citada organización armada.

El argumento del recurrente con el que pretende que se le reconozca el derecho a la igualdad pidiendo ser reconocido como miembro de las FARC-EP al igual que el caso de alias "Santrich" por el hecho de ser coacusado no es de recibo para el Gobierno Nacional. Como lo indicó claramente la Sección de Revisión del Tribunal para la Paz, el señor **YOUNES ARBOLEDA**, entre otros aspectos, no fue reconocido como miembro integrante de las FARC-EP en virtud de los listados recibidos y aceptados de buena fe por el Alto Comisionado para la Paz.

De otra parte, es pertinente indicar que, con pleno acatamiento de lo establecido en el artículo 494 de la Ley 906 de 2004, y en observancia de lo señalado por la Sala de Casación Penal de la Corte Suprema de Justicia en el concepto favorable emitido dentro del presente trámite, el Gobierno Nacional estableció, en la Resolución Ejecutiva a través de la cual concedió la extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** a los Estados Unidos de América, los condicionamientos que debe ofrecer el país requirente como presupuesto previo y necesario para su entrega.

En efecto, para preservar los derechos del ciudadano requerido, el Gobierno Nacional, en el artículo tercero del acto administrativo impugnado, sujetó la entrega del señor **FABIO SIMÓN YOUNES ARBOLEDA**, al ofrecimiento por parte del país requirente, cursado por vía diplomática, de un compromiso sobre el cumplimiento de los condicionamientos que establece el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que previamente a la entrega del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA**, el Gobierno de los Estados Unidos de América deberá garantizar al Gobierno de Colombia que este ciudadano no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación, conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política.

081

Hoja No. 19 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

Adicionalmente, en el artículo cuarto de la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, advirtió al Gobierno de los Estados Unidos de América, la obligación de no juzgar ni condenar al ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** por un hecho anterior y distinto del que motiva la solicitud de extradición.

La regla de la especialidad es un principio intrínseco al mecanismo de la extradición, pues una solicitud a tal efecto, conlleva en sí misma el compromiso de su observancia.

De acuerdo con lo anterior, no es de recibo para el Gobierno Nacional lo afirmado por el recurrente en punto de que es una constante para el sistema judicial de los Estados Unidos de América desconocer el principio de especialidad, pues es una garantía que siempre ha reconocido y así lo tiene establecido: "La Embajada se permite asegurar al Gobierno de Colombia que cualquier individuo extraditado de Colombia a los Estados Unidos será enjuiciado únicamente por los delitos que hayan sido aprobados por el Gobierno de Colombia para su enjuiciamiento"[17].

Como puede advertirse, no solo en la aplicación del mecanismo de extradición están garantizados los derechos fundamentales del ciudadano requerido, sino que en el Estado que lo reclama donde va a ser juzgado, también le serán respetados sus derechos fundamentales con plena observancia de las garantías de un debido proceso, acorde con las normas penales del país requirente.

En el evento de que el nacional extraditado considere que sus derechos están siendo vulnerados o ante cualquier inconformidad que pueda tener en el país que lo reclama, cuenta con la posibilidad de solicitar asistencia consular a efectos de hacer valer sus derechos y garantías fundamentales que no pierde por su calidad de extraditado y en ese sentido, puede elevar las solicitudes que considere pertinentes a los Consulados quienes prestan la asistencia necesaria a los connacionales que se encuentran detenidos en el exterior, esto dentro del marco de la Convención de Viena sobre Relaciones Consulares de 1963.

Resulta oportuno indicar que el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano, hace un efectivo seguimiento al cumplimiento de las condiciones exigidas a los países requirentes para la extradición de los ciudadanos colombianos, en cumplimiento de lo dispuesto en la Directiva Presidencial N° 07 de 2005, cuyo propósito es precisamente *"Implementar las actuaciones que deben seguir las diferentes entidades gubernamentales que intervienen*

[17] Nota Diplomática N° 314 del 16 de mayo de 1997.

081

Hoja No. 20 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

*en el trámite de extradición, con el objeto de hacer un efectivo seguimiento de las condiciones exigidas a los países requirentes para la extradición de los ciudadanos colombianos".*

En ese sentido, en el acto administrativo impugnado se dispuso el envío de copia de la Resolución Ejecutiva a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, para los fines indicados en la Directiva Presidencial y lo señalado respecto del tema por la Corte Suprema de Justicia en su concepto.

A través de estos mecanismos, el Gobierno Nacional garantiza y protege los derechos humanos de sus connacionales que son entregados para ser juzgados en el exterior, pues se reitera, el propósito de la Directiva Presidencial No. 07 del 3 de noviembre de 2005, es precisamente hacer un efectivo seguimiento de las condiciones exigidas a los países requirentes para la extradición de los ciudadanos colombianos.

En cuanto a la inconformidad que expresa sobre la ausencia de participación y de responsabilidad en los hechos que se le imputan, es importante señalar que en el procedimiento descrito en la ley para decidir sobre la concesión de la extradición, no se establece para la Corte Suprema de Justicia ni para el Gobierno Nacional la posibilidad de someter a estudio de fondo la acusación o la sentencia del país requirente y mucho menos determinar si el ciudadano requerido es o no inocente de los cargos que se le imputan. Lo anterior, atendiendo a que la naturaleza de este mecanismo de cooperación judicial no corresponde a un proceso penal.

Tampoco les compete a las autoridades colombianas que intervienen en este trámite evaluar si la autoridad judicial del Estado requirente cuenta o no con la prueba suficiente para desvirtuar la presunción de inocencia del procesado ni determinar la validez de las pruebas en que se funda el requerimiento por cuanto tales aspectos son del exclusivo resorte de las autoridades judiciales del país requirente.

Es en esa oportunidad, ante las autoridades judiciales que adelantan el proceso penal en el exterior, donde el ciudadano requerido tendrá la oportunidad de hacer la postulación de medios de prueba encaminados a desvirtuar su participación en la conducta delictiva que se le está imputando en la acusación dictada el 4 de abril de 2008. En esa medida, permanece incólume la presunción de inocencia de este ciudadano como quiera que el mecanismo de la extradición lo que permite es que el reclamado vaya a juicio, pudiendo resultar absuelto o condenado.

Teniendo en cuenta que el procedimiento de extradición del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** se adelantó con plena observancia y acatamiento del debido

081

Hoja No. 21 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

proceso, que cuenta con el concepto previo y favorable de la Corte Suprema de Justicia y que con el presente recurso no se aportaron nuevos elementos de juicio que conduzcan a variar la decisión inicial, el Gobierno Nacional, en virtud de la facultad que le asiste, confirmará la decisión de conceder la extradición contenida en la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019.

Finalmente, al advertirse el cumplimiento de la condición establecida en el artículo 2 de la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y comoquiera que, la Jurisdicción Especial para la Paz, a través de la Sección de Revisión del Tribunal para la Paz ya se pronunció, en decisión en firme, y pudo establecer que para el caso del ciudadano **FABIO SIMÓN YOUNES ARBOLEDA** no se acredita el factor personal que activa la competencia para decidir sobre la aplicación de la garantía de no extradición prevista en el artículo transitorio 19 del artículo 1° del Acto Legislativo N° 01 del 4 de abril de 2017, el Gobierno Nacional procederá a ordenar la entrega del mencionado ciudadano, a los Estados Unidos de América, previo el ofrecimiento que haga el Estado requirente sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional como presupuesto necesario para poder materializar la entrega.

Por último, debe indicarse que, en el marco del "Estado de Emergencia Económica, Social y Ecológica" declarado en todo el territorio nacional[18] con el fin de conjurar la grave calamidad pública a causa de la pandemia del Coronavirus COVID19, el Gobierno Nacional expidió el Decreto Legislativo N° 487 del 27 de marzo de 2020[19], por medio del cual se suspendieron, por un término de 30 días calendario, los términos del trámite de extradición previstos en la Ley 600 de 2000 y en la Ley 906 de 2004 y demás normas previstas en el ordenamiento, con algunas excepciones, plazo prorrogado en los mismos términos a través del Decreto reglamentario N° 595 del 25 de abril de 2020[20], a partir del 25 de abril de 2020 y "hasta la finalización de la Emergencia Sanitaria decretada por el Ministerio de Salud y Protección Social"[21].

La Corte Constitucional, en ejercicio del control automático sobre el Decreto Legislativo N° 487 del 27 de marzo de 2020, mediante sentencia C-201/20 del 25 de junio de 2020[22] dentro del Expediente RE-251[23], declaró **INEXEQUIBLE** el Decreto Legislativo 487 del 27 de marzo de 2020, advirtiendo que dicha decisión *"no afecta la suspensión de términos por 30 días de los trámites de extradición de personas requeridas para el cumplimiento de condenas en firme, en los que ya se había proferido resolución*

---

[18] Mediante Decreto N° 417 del 17 de marzo de 2020.
[19] Publicado en el Diario Oficial N° 51.269 del 27 de marzo de 2020.
[20] Publicado en el Diario Oficial N° 51.296 del 25 de abril de 2020.
[21] El Ministerio de Salud y Protección Social mediante Resolución N° 844 del 26 de mayo de 2020 prorrogó la emergencia sanitaria en todo el territorio nacional hasta el 31 de agosto de 2020.
[22] Comunicado N° 26 publicado el 28 de junio de 2020 en la página Web de la Corte Constitucional.
[23] M.P Alejandro Linares Cantillo.

081

Hoja No. 22 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

---

*ejecutoriada concediendo la extradición para la fecha de expedición el (sic) Decreto Legislativo 487 de 2020."*

Adicionalmente, la H. Corte Constitucional señaló que *"esta decisión rige hacia futuro, razón por la cual, en cada caso los operadores judiciales deberán considerar el restablecimiento de los términos del trámite de extradición, a partir del punto en el que fueron suspendidos con ocasión del mencionado decreto legislativo declarado inexequible".*

Por lo expuesto, el Gobierno Nacional,

**RESUELVE:**

**ARTÍCULO PRIMERO:** Confirmar la concesión de la extradición del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** para que comparezca a juicio por los tres cargos imputados en la acusación No. 18 Cr.262, (también enunciada como Caso No. 18-262 (VEC)) dictada el 4 de abril de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York, decisión contenida en la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, de conformidad con lo señalado en la parte motiva de esta resolución

**ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano colombiano **FABIO SIMÓN YOUNES ARBOLEDA** a los Estados Unidos de América, previo el ofrecimiento que haga el Estado requirente sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional como presupuesto necesario para hacer efectiva entrega.

**ARTÍCULO TERCERO:** Ordenar la notificación personal de la presente decisión al ciudadano requerido o a su apoderado, haciéndoles saber que no procede recurso alguno, quedando en firme la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019, conforme lo establece el numeral 2° del artículo 87 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO CUARTO:** Ordenar el envío de copia del presente acto administrativo a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores y al Fiscal General de la Nación, para lo de sus respectivas competencias.

031

Hoja No. 23 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 234 del 27 de noviembre de 2019 y se ordena la entrega".

**ARTÍCULO QUINTO:** La presente Resolución rige a partir de la fecha de su notificación.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderado, **comuníquese** al Ministerio de Relaciones Exteriores, a la Fiscalía General de la Nación, y **cúmplase.**

Dada en Bogotá, D.C. a 16 JUL 2020

LA MINISTRA DE JUSTICIA Y DEL DERECHO,

MARGARITA CABELLO BLANCO

**Official translation No. 2020-0905 by Anthony Letts official translator per res. 139/1980 Ministry of Justice**

# REPUBLIC OF COLOMBIA
# MINISTRY OF JUSTICE AND LAW
# EXECUTIVE RESOLUTION No. 081 OF JULY 16, 2020

**DECIDING ON A REQUEST FOR RECONSIDERATION OF EXECUTIVE RESOLUTION NO. 234 OF NOVEMBER 27, 2019**

## THE PRESIDENT OF THE REPUBLIC OF COLOMBIA

In exercise of his powers under Article 41 of Law 906/2002 and as authorized by Articles 74 and 80 of the Administrative Procedures and Disputes Code, and

**WHEREAS**

**1.** The Government, in Executive Resolution No. 234 of November 27, 2019 grated the extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** ID 4,341.552 to appear for trial before the United States authorities for: ***Count 1*** *(Conspiracy to commit an offense with knowledge and intent to import five kilograms or more of cocaine into the United States from a place outside the united States; to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent and having reasonable cause to believe that said substance would be illegally imported into the United States; aboard a U.S-registered aircraft to manufacture and distribute a controlled substance and to possess a controlled substance with intent to distribute);* ***Count 2****. (Attempted manufacture and distribution of five kilograms or more of cocaine with the intent, knowledge and reasonable cause to believe that said substance would be illegally imported into the United States from a place outside the United States); and* ***Count 3****: (Attempted importation of five kilograms or more of cocaine into the United States from a place outside the United States)* alleged in Indictment 18 Cr. 262 (also cited as Case No. 18-262 (VEC)) issued on April 4, 2018 by the US District Court for the Southern District of New York.

That same decision made it a condition of **delivery** of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** that the decision already adopted by the Review Section of the Peace Tribunal in Order SRT-AE-077/2018 of November 30, 2018, deciding to refrain from processing the request for application of the guarantee of non-extradition presented by the citizen required should be enforceable; or the firm decision deciding not to apply that guarantee in the event that, by reason of the challenge, that jurisdiction were to elect to take knowledge of the matter.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

2. The Ministry of Justice and Law in Communication MJD-0FI19-0037506-DAI-1100 of December 5, 2019[4] summonsed counsel for the citizen required to receive personal notice of Executive Resolution 234 of November 27, 2019.

In communication of December 15, 2019, Counsel informed the Ministry of Justice and Law that she no longer acted for **FABIO SIMÓN YOUNES-ARBOLEDA**, and requested that this person should appoint new counsel

For his part, the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** refused to attend to the procedure of personal service of Executive Resolution 234 of November 27, 2019[5].

The Ministry of Justice and Law in Communication MJD -19-003706-DAI-1100 of December 17, 2019[6] involved informed **FABIO SIMÓN YOUNES-ARBOLEDA** as to the waiver the renunciation of the power of attorney by his counsel, and required him to appoint a lawyer as his counsel to represent in the final stage of the extradition proceeding.

In the face of the silence of the citizen required, ministry of justice and law in communication MJD -OFI-20-0000502-DAI-1100 January 14, 2020 requested. Further People´s Defender to represent **FABIO SIMÓN YOUNES-ARBOLEDA**.

The People's Defender[7] communicated to the Ministry of Justice and Law that he had designated Augusto Francisco Sanchez-Camaro, to represent the interests of **FABIO SIMÓN YOUNES-ARBOLEDA** in the extradition proceedings, a situation which was informed the citizen required in communication MJD -OFI 20-00026-DAI-1100 of February 4, 2020[8], indicating the contact data (mobile number and email) of the counsel mentioned.

The Ministry of Justice and Law in communication MJD -OFI20-0002566-DAI-1100 of February 3, 2020[9] summonsed the Public Defender to attend to the service of personal notice of Executive Resolution 234 of November 27, 2019, but Counsel did not appear for that purpose.

In accordance with Article 67 of the Administrative Procedures and Disputes Code, Executive Resolution 234 of November 27, 2019, was personally served on **FABIO SIMÓN YOUNES-ARBOLEDA**, on February 5, 2020 as may be seen in the record of the proceedings for personal notice.

---

[4] Summons sent to defense counsel by certified mail and email on December 9, 2019
[5] Recorded on Folio43 of the Notebook of Pavilion PASB on December 16, 2019
[6] Communication received on December 20, 2019 by Younes Arboleda
[7] Communication 20200060050179771 of January 27, 2020, received on February 3, 2020
[8] Communication received by Younes Arboleda on Feruary 5, 2020
[9] Communication sent to the People´s Defender on February 5, 2020 by certified mail and email.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80

This situation was communicated to counsel for the defense of the citizen required in communication MJD -OFI20-000643-DAI-1100 on February 20, 2020[10].

In that communication, Counsel was advised that Executive Resolution 234 of November 27, 2019 been personally served on the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** of February 5, 2020, in the place of confinement where he was held.

Both the citizen required, and his counsel were informed that the remedy of reconsideration was available against Executive Resolution 234 of November 27, 2019, within 10 days following the procedure for personal service.

**3.** Within the time provided by law, the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** -in a document lodged at the Ministry of Justice and Law February 19, 2020 made a request for reconsideration against Executive Resolution No. 234 of November 27, 2019, to secure its revocation, and instead, to have extradition denied, because the crime motivating it is of a political nature.

**4.** The grounds for this request are the following:

The disagreement presented by the citizen required is specifically against the resolution challenged, that it omitted the consideration that the crime which motivated the extradition request is a political one.

He says that it is political (i) because, on mentioning that the resolution was subject to a decision of the Special Peace Jurisdiction (JEP), this necessarily implied a political nature; (ii) because the Government, when upon a petition from JEP requested evidence from the United States Government for the Santrich case, the evidence referred to the fact that he was a senior director of the central command of FARC-EP who fought against the State for political reasons, although he was accused of drug trafficking charges and (iii) because in the same indictment in the case Santrich is wanted as co-accused for the same acts and for the same charges, and is also indicated as being associate of FARC EP, which gives a political character to his challenge, and as the Government of the United States did not deliver the evidence in case, there is no evidence against him either, in addition to the fact that, at the age of 74, prior to this indictment of April 4, 2018, he had never had any investigation or court process for drug-trafficking, and instead, since 1990 been pursued for a political crime, as being the ideologist and political activist was inconveniencing the governments of Colombia and the United States of America.

He says that he geared for his life because they tried to kill him in La Picota because he perceives that public agencies have been manipulated to act against him. He questions the fact that the Government ordered his extradition on November 27, 2019, one day

[10] Sent y certified mail and email on February 21, 2020

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

before JEP made its pronouncement on the request for the guarantee of non-extradition, that is, November 28, 2019, and he wonders why the Government knew what decision JEP was going to take, and why they did not wait for JEP to make it.

He says that the Supreme Court of Justice issued an opinion on November 6, 2019, 22 days before the J EP issued its decision on the appeal, on November 28, 2019, and he questions (i) whether it was legal, that, the case been known to JEP since June 2018 and up to November 28, 2019, as being competent by jurisdiction, there should also be a simultaneous pronouncement from the Supreme Court of Justice, which had not been acting since 2018; and (ii ) why the Government failed to mention that it received communication from JEP on May 13, 2019, which it was indicated that possible to continue with the extradition proceedings of **FABIO SIMÓN YOUNES-ARBOLEDA** ID 27.135.373 ", but despite that, issued a referral to the Supreme Court of Justice.

Due to the foregoing circumstances the person required considers that his natural judge would be JEP, but contrary to that reality, the Supreme Court of Justice issued a favorable opinion on his extradition.

He notes the special jurisdiction for peace made a pronouncement on November 28, 2019, but beforehand, "something hidden intervened", and changed the position which it had assumed on May 13, 2019 with regards to the possibility of continuing with the extradition proceedings, adding that "the evidence is that judicial secretary in in those circumstances, says that there were several meetings of the Bench, which is not frequent, to take a final decision in my case.

Further, he says that the Resolution challenged does not make extradition subject to the conditions provided for in Colombian law, in particular Article 35 of the constitution, which says "nutrition Colombians purpose will be granted for crimes committed abroad, can considered as such in Colombian criminal law", which, in addition to violating the Constitution and the Criminal and Criminal Procedure Codes, affects the sovereignty of the Colombian State, and the guiding principles of international law, of international criminal law, and of the Convention itself, which Colombia, which the state requiring invokes in all its requests for extradition for drug trafficking; and to that extent, he requests that his extradition be denied, as referring to a political crime.

He attaches to his challenge an article which he says that he wrote, in which he denounces the pretexts used to violate these conditions, which is entitled "The theory of equity or extraterritoriality", a theory which includes the Criminal Cassation Bench of the Supreme Court of Justice in the opinion to justify the extradition, but avoiding reference to the fact that his case is a political crime but to hide the point, they accused him of the common crime of drug trafficking.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

In addition, he says that the Ministry of Justice and Law could not have found that complied with the requirements for extradition, and on the contrary, it the delay of 17 months by the Supreme Court in issuing an opinion must have been illegal, violating the terms of service in Articles 497 and 499 of the Criminal Procedure Code.

He says that, despite the efforts of the Government in power at one or another moment, they have not complied with the conditions which are called guarantees, and have not taken measures the consequences derived from failure to observe them, and that motivated him and, he wrote an article which entitles "Failure to Comply with the Rules of Specialty or Guarantees", which he attaches to his recourse.

He questions the terms of Point 9 of the Resolution, indicating that the Government should not have given its decision but should have waited for a pronouncement of the Review Section, which refrained from processing the request for the guarantee of non-extradition to become firm, and adds "I have been complaining that there is hidden force which is pursuing me, and which has the power to manipulate the decisions of public entities, and I see in this resolution, a phrase which reads "in which it is resolved not to apply that guarantee", the application of the guarantee of non-extradition was to be decided upon later on.

In the section which he entitles "THE REQUEST FOR EXTRADITION AND INDICTMENT", he questions the foreign accusation, and notes that due to lack of evidence, the transitional justice system had to order the freedom of Jesus Santrich, a situation which should also apply to him, applying the right to equality.

He says that indictment is divided in two periods of time, the first from June 20 to November 1, 2017, and the second, rom November 2, 2017 to February 8, 2018.

He says they did not take part in the events attributed to him, nor did he go to the meetings mentioned; that it is not true that he was in Miami looking for aircraft with US registration; that he did not have any further contact with Santrich since July 2017, to discuss productive projects, until they met up in the jail in August 2018; nor with Marin, since November 1, 2017, and sporadically with Gómez, and it was therefore legally impossible to adduce the three charges attributed to him. He says that in the second period, he never found out about the facts recounted by the indictment, until his capture of April 9, 2018.

In the content, which he entitles "COMPETENCY OF JURISDICTION BETWEEN THE ORDINARY AND SPECIAL PEACE SYSTEMS", he mentions that, in the face of the refusal of the Criminal Cassation Bench of the Supreme Court of Justice to refer the files to JEP, he entered an action for the protection of fundamental rights sent for competency to the Civil Bench of the Supreme Court of Justice for the sole purpose of settling the issue of competency between the ordinary courts and the Special Peace Jurisdiction. He states that the request for protection of fundamental rights was denied, because the

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

requirement of immediacy was not complied with, stating that the was due to the Court itself, and insisting on the existence of the urgency.

On the point "I COMPLY WITH REQUIREMENTS FOR THE PERSONAL FACTOR OF JEP" he notes on June 8, 208 (sic), that he submitted to SIVJRNR and requested JEP to apply the guarantee of non-extradition. He says that between October and November 2019, there was a strange coincidence in the actions of public entities; he says that the Supreme Court of Justice changed its position and gave a favorable opinion to extradition on November 6, 2019; the President of the Republic, through the Ministry of Justice and Law, authorized extradition on November 27, 2019 and JEP denied him the second instance on November 28, 2019.

He says that the President signed it one day before order from JEP, when he was following on in that jurisdiction, and therefore that Resolution challenged is null.

He considers that the Criminal Cassation Bench of the Supreme Court of Justice should not have intervened in matters which are preferential, reserved for an exclusive to JEP, even going to the extreme of deciding not to send the files to JEP, and interpreting the rules made for that transitional justice to make suit its own convenience, further, arguing things which were not true, such as saying that his exclusion from JEP was defined on February 6, 2019, when on November 29, 2019 he was still continuing in JEP. He says that that usurpation of jurisdiction should lead to a declaration of nullity of the resolution challenged. He insists that this more than an accident, it is the cause of the persecution of which he is the object, by reason of his political ideas and activities.

Further, in a section entitled "MY CRIME IS POLITICAL", he says that he is a political ideologist and activist, and that they accuse him of a common crime of drug trafficking because the Constitution prohibits the extradition for political crimes. He says that he has battled to introduce real agrarian reform, the claims of the peasant farmers, the improvement of the rural sector, the defense of the ethnic, black and mestizo minorities who are the most vulnerable. He adds that he has led many groups, which were opposed to the Free Trade Agreement with the United States in matters of agriculture, because they were harmful to Colombia; that he struggles for integration of Latin American and Caribbean nations, and that he played an active part in the creation of the United Nations of the South-UNASUR-which brought together 12 South American countries, and he did the same as a delegate at meetings prior to the creation of the community of Latin American and Caribbean states-CELAC-with 35 countries, excluding the United States; and that he supports the precarious peace in the Republic of Lebanon, indicating that it is that he is the descendant of a Lebanese father. He mentions that he is the author of the books "PROPERTY, of the nation, the state and the individuals"; integration Latin America and the Caribbean; integration of the Arab world; the Arab world and Latin America, similarities and differences; integration of Latin America and the Arab world, and the creation of the Organization of South American and Arab countries-ASPA.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

He considers that, due to his political ideas and activities, certain authorities, the United States have looked at him with "suspicion", and he notes that he is not anti--US, but pro-Colombian and pro-Latin American. He says that as a defender of the peace, he took part actively in securing the peace agreement of FARC-EP with the Government, and that he has been persecuted due to his ideas and activities, with this setup for drug trafficking. He says that he has publicly declared that he fights to drug trafficking due to the damage that it does to health, and due to damage in corruption and violence which the drug traffickers have done to governments, and further, because it is against "his Christian faith and revolutionary morality."

He says that he is a businessman, that he has studied law, he is a geopolitical analyst and his principal company is Fabio Younes & Asociados SAS ,founded 46 years ago, and co-founder of the Universidad San Martin with a number of programs in several cities around the country, for the last 40 years.

He says that certain leaders and authorities in Colombia see him as a danger to their private interests, and that they apply to him doctrine of internal enemy, and this explains why he is persecuted and why he is a political prisoner, a situation that manipulates other authorities, and in support of this, he says that in July 2019, they tried to kill him in La Picota jail.

In a document attached to the request, entitled "THE THEORY OF UBIQUITY OR EXTRATERRITORIALITY", he says that this theory, according to which "a crime committed in the territory of Colombia has the same effect as if it had been committed the territory of the United States" is a violation of the Colombian constitution and of the Criminal and Criminal Procedure Codes. But principally, it is a violation of the sovereignty of the Colombian State. He considers that if a Colombian citizen commits a crime in Colombia, he should be judged on Colombian territory, and serve his sentence in Colombia.

In the attached document, entitled "SPECIALTY", he says that this rule forms part of the guarantees to be offered by the State requiring,, but that the United States Government imposes its arbitrary will on the government of Colombia, because once a person is extradited, they fail to observe this guarantee, and people are subjected to other accusations in other courts and in other cities, and in the face of the complaints which have been made, the reply is "extradites are not entitled to invoke the rule of specialty, and they do not have the legal capacity to do so.", In the face of which, the Government should suspend extraditions.

Finally, in a communication lodged on March 4, 2020 at the Ministry of Justice and Law, he provides a document entitled "NO EXTRADITION FOR CRIMES NOT COMMITTED ABROAD", in which he expounds the reasons why a Colombian requested in extradition

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

who was not committing crimes United States should not be extradited.

This last document will not be taken into account argument in the request for reconsideration, because it was presented out of time.

**5.** The Government has the following observations on the arguments expanded.

By mandate of the Constitution[11] extradition may be granted in accordance with the terms of public treaties signed on the matter, or failing that, as indicated in the law.

In this case, Ministry of Foreign Affairs through its international legal affairs directorate, in communication DIAJI1487 of June 7, 2018 was of the opinion that it matters not regulated by "*United Nations Convention on the illicit traffic in narcotics and psychotropic substances*", signed in Vienna on December 20, 1988, the procedure should be governed by the terms of the Colombian legal order.

In the context of this regulation, the entities which intervened in the extradition proceedings of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** were conducted through actions within their competency, within the terms provided for in the law, always observing due process and guaranteeing the right to defense.

**FABIO SIMÓN YOUNES-ARBOLEDA** is accused in the State requiring of alleged participation in a drug-trafficking organization which operates from Colombia, and is responsible for transporting hundreds of multiple kilograms of drugs to the United States.

The Criminal Cassation Bench of the Supreme Court of Justice verified that in this case, the terms of the Constitution had been complied with, and then undertook an analysis of the formal requirements of the extradition request, always seeking to safeguard the fundamental rights and guarantees of the citizen required, who exercised his right to defense in full, through lawyers he appointed to represent him in the proceedings.

In effect, the Court established the existence of the crime committed abroad, considered as such in Colombia criminal law, and its nature, being non-political, and which occurred after the coming into force of Legislative Act 1/1997.

With regard to these issues, the Court said:

> *"According to the foregoing, in the light of the mixed theory or theory of ubiquity[12], employed by jurisprudence and doctrine to determine the territorial*

[11] Art. 35 amended by Legislative Act 1/1997

[12] "(i) the place of execution of an action, according to which the deed is understood to be done where all or part of the expression of will is effected (ii) that of result, which considers that the place where the effects of the action are produced; and (iii) the mixed theory, or theory of ubiquity, which considers that the place where all or part of the

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*factor of transnational crime, the conspiracy to commit an offence for drug-trafficking purposes and trafficking, which are conduct attributed to the person required, are understood to be executed also in the territory of the State requiring, and for that same reason, committed abroad.*

*2.3. According to subsections 3.1 and 3.10 of the United Nations Convention on [the Illicit] Traffic in Narcotics and Psychotropic Substances, those crimes are not considered political or politically motivated.*

*2.4. Once the documentation supplied by the United States government had been reviewed, it was established that the events which were the matter of trial were approximately between June 2017 and April 2018[13], that is to say, subsequent to coming into force of Legislative Act 1/1997.."*

During the evidence-gathering phase, the defense for the person requested the Criminal Cassation Bench of the Supreme Court of Justice December to pass the files to the extradition to the Special Peace Jurisdiction-JEP-of the argument that, in indictment 18 CR. 262 (also cited as case 18-262 (VEC) of April 4, 2018 in the US Court for the Southern District of New York, **YOUNES-ARBOLEDA** was described as being a former member of FARC-EP, and that JEP should be responsible for verifying whether the facts which were the basis of the extradition request, corresponded to conduct under the comprehensive system for truth, justice, reparation and repetition-SIVJRNR.

The criminal cassation bench of the Supreme Court of Justice in a pronouncement of October 31, 2018, refrained from referring the file extradition files to review section of the Peace Tribunal on the argument that that proceeding was supported by evidence indicating that the person requested belonged to or collaborated with the former FARC-EP, and establish that in this case, Mr **YOUNES-ARBOLEDA** did not evidence accreditation of that requirement, noting the need to order taking of evidence exhibition, designed to clarify the situation of the same, amongst other matters, and gave the order to instruct the Special Peace Jurisdiction to inform whether **FABIO SIMÓN YOUNES-ARBOLEDA** had been identified as a member of FARC EP of the list supplied by the representative of the group, and if he submitted to SIVJRNR. At the same time, and ex officio, the Court ordered the prosecution service to verify in its information systems, including SPOA, SIJUF, and SIAN, whether there were any records of sentences against **FABIO SIMÓN YOUNES-ARBOLEDA** as a member of collaborator with FARC-EP.

The Criminal Cassation Bench of the Supreme Court of Justice, in a pronouncement of February 6, 2019, did not reconsider its decision, and said that the "accusation" referred to in Section 19.2 of the Transitory Article of Legislative Act 1/1997 should come from a

---

of the action takes place and the placer where the result was or should have been materialized". Cfr CSJ CP January 30 2013 case 40275 amongst others.

[13] Folios 166ff Ministry of Justice and Law files

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

national judicial authority.

After verifying that the were no limitations of a constitutional nature, the Court found that the requirements established in the law to make extradition in order had been accredited, and for that it verified that the documents supporting the extradition request complied with conditions of validity required by applicable law, it found that the requirements for full identity of the person required, double incrimination and equivalence of the forum decision the Colombian "resolution of accusations", had been met and as a result, it issued a favorable opinion on the extradition of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** on November 6, 2019.

For its part, the Government, using its powers under the law, granted the extradition of **FABIO SIMÓN YOUNES-ARBOLEDA** for him to appear at trial before the US District Court of June Southern District of New York crimes of drug-trafficking.

The person required insists that the crime which motivates the request for his extradition is a political crime, and that the Government disregarded that consideration when making it a conditional delivery that the Special Peace Jurisdiction adopt a decision.

The Supreme Court of Justice said that the political crime is *"a criminal offence whose commission seeks to change institutions or system government in order to implement others, in which the active subject, usually characterized by his altruistic spirit and generous spirit, considers to be fairer"* [14].

The Court has also said that no criminal activity constituting drug-trafficking can be held to be a political crime, because the law has never considered it to be search, and the United Nations Convention on the Illicit Traffic in Narcotic Drugs and Psychotropic Substances approved on December 19, 1988, to which Colombia is a party, denies that character.

The Court said the following:

> "The nature of the conduct which the foreign authority attributes to him, argued by the defense as political, is ion fact that of common crime because the fact of a conspiracy to traffic in drugs and weapons reserved for the use of the Armed Forces and de facto traffic in them is a different and autonomous crimes, other than sedition or rebellion under Articles 467 and 468 of the Criminal Code
>
> Further, **the Court has explained why no criminal activity constituting drug-trafficking can be considered to be related to political crime, because the law does not conceive it as such and the United Nations Convention of the Illicit Traffic in Narcotic Drugs and Psychotropic Substances approved**

[14] Order on appeal April 7, 1995 case 10.297 Carlos Eduardo Mejía Escobar presiding

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

**in Vienna on December 19, 1998, to which Colombia is a party, denies it that character**. See this argument previously expounded:

> *But, to reply to the second question, it must also be stressed that* ***no criminal activity that constitutes drug-trafficking can be considered to be related to a political crime as a factor to impede an extradition request, not only because the law has not conceived it as such but also because the international community itself denies it that character.*** *In effect, the United Nations Convention on the Illicit Traffic in Narcotic Drugs and Psychotropic Substances approved in Vienna on December 18, 1998 and incorporated into domestic law in Law 67/1993, states in Section 3.10:*
>
> *"For purposes of cooperation between the parties provided for in this Convention in particular the cooperation mentioned in Articles 5, 6, 7 and 9, the crimes defined in this Article will not be considered as fiscal or political offenses or politically-motivated crimes, without prejudice to limitations of constitutions and the fundamental principles of domestic law of the Parties...*[15]*"*

In this case, following that guideline, the Criminal Cassation Bench of the Supreme Court of Justice in its opinion November 6, two 2019, left, it is clearly explained that charges of drug-trafficking measurement request for extradition attributed to **FABIO SIMÓN YOUNES-ARBOLEDA** in the indictment of April 4, 2018 constitutes, in terms of Colombian law, the crimes of "aggravated conspiracy to commit an offence, aggravated", and "aggravated trafficking, manufacture and carriage of narcotics", and they have no political connotation.

In effect, the Court said, according to Sections 3.1 and 3.10 of the Convention on the [Illicit] Traffic in Narcotic Drugs and Psychotropic Substances **these crimes are not considered to be political or politically-motivated.**

The place of occurrence of these events also matter analyzed by the Supreme Court justice in its opinion. On the point, the Court established that "in the light of the mixed theory or theory of ubiquity[16], employed by jurisprudence and doctrine to determine the territorial factor in cases of transnational crime *the conspiracy to commit an offence for*

---

[15] Supreme Court Criminal Cassation Opinion of July 23, 2014 Maria del Rosario González Muñoz presiding Case 43674

[16] "(i) the place of execution of an action, according to which the deed is understood to be done where all or part of the expression of will is effected (ii) that of result, which considers that the place where the effects of the action are 'produced; and (iii) the mixed theory, or theory of ubiquity, which considers that the place where all or part of the of the action takes place and the placer where the result was or should have been materialized". Cfr CSJ CP January 30 2013 case 40275 amongst others.

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

*drug-trafficking purposes, and drug-trafficking*, which are forms of conduct attributed to the person required, **are understood to be executed also in the territory of the State requiring, and for that same reason, committed abroad.**" (Emphasis added).

On this understanding, the fact that the citizen has not left this country, as he claims, does not mean that he cannot commit a crime abroad. This was noted by the Constitutional Court in decision T-1736/2000; "*it is true in accordance with the regulation of the territorial factor in the rules of Criminal Code, and the Criminal Procedure Code in Colombia, the permanence of the accused in Colombian territory does not necessarily mean that they could only have committed crimes in this country, or that the Prosecution Service should enter into a formal investigation...*" (Emphasis added).

The Criminal Cassation Bench of the Supreme Court of Justice made a pronouncement in the same sense. In July 28, 2004, in case 21.887, the Court said:

> *"In crimes of conspiracy for trafficking in drugs, the Court has established not only that a number of persons take part in them with premeditation but that the forms of conduct that indicate the conspiracy can be expressed in each country involved in this unlawful trade, the country of origin, the country of transit and the country of destination. This also occurs in crimes of drug-trafficking.*
> *(...)*
> *Drug-trafficking implicates individuals and countries through which the drugs pass, including, of course, the country of destination. Therefore, the requirement of the Constitution is satisfied in the related to this also.*
>
> *Aside from the fact that the cocaine was seized in Colombian territory, according to any of the theories allowing the place of occurrence of an event to be established in Article 14 of the Criminal Code – that of the place of materialization of the conduct, which understands that an act is performed where all or part of the materialization of will is expressed; that of result, which conceives it to be performed in the territory where the act had its effect; and the mixed theory or theory of ubiquity, which points to the place where all or part of the act takes place and also where the result was or should have been produced –* ***the one certain thing is that the conduct attributed to the person required was partly produced abroad****..." (emphasis added)*

The position of the Supreme Court and the Government with regard to these indications has, been constant for all cases which related to drug-trafficking, which cross national frontiers, and therefore meet the requirement of the Constitution to be able to grant the extradition of Colombians by birth, i.e. that the crime must have been committed abroad.

Now, and contrary to the accused's opinion, the Government in this case did not disregard the fundamental rights and guarantees of the citizen required. From the documentation

ANTHONY LETTS
Traductor Juramentado

on file we can see that on June 7, 2018 **FABIO SIMÓN YOUNES-ARBOLEDA** requested the Review Section of the Peace Tribunal to apply the guarantee of non-extradition (GNE).

Since this was a guarantee of a constitutional order provided for in Transitory Article 19 of Legislative Act 1/2017, Subsection 1 of the Review Section of the Peace Tribunal, prior to taking knowledge of the case, in order SRT-AE-029/2018 of June 21, 2018 required the Government agencies and the applicant himself to provide information which would allow it to establish whether the Review Section was competent to study that request.

The jurisdiction and competence of the Review Section is activated when the information and documentation alleged in the request or requirement may conclude that there is an extradition proceeding in course, and that, assumptions of personal factor concur.

The personal factor of competency is present when the person required in extradition satisfies these one of the following situations:

- He has been a member of FARC-EP, and submitted to JEP;
- He has been accused of forming part of FARC EP, and has submitted to JEP.
- He is a relative to the second degree of kindred or first of affinity to a FARC-EP member or somebody accused of being a member in a request for extradition, provided that this is due to acts or conduct related to membership or accusations of membership of FARC-EP.

The Review Section of the Peace Tribunal in order SRT-AE-077/2018 of November 30, 2018, decided "to ***REFRAIN*** *from processing the request of* ***FABIO SIMÓN YOUNES-ARBOLEDA*** *ID 17.135.373 (Bogotá), in relation to the activation of the "guarantee of non-extradition", contained in Transitory Article 19 of Article 1 of Legislative Act 1/2017, as expressed in the arguments of substances in this decision..*".

The Review Section of the Peace Tribunal noted that the requirement of the personal factor which would allow it to activate competency were not present. In effect, the Court said:

> *"Therefore, for this Section, it is clear that Mr YOUNES-ARBOLEDA is not a member of FARC-EP in the terms indicated in the law, because he was not included in the list of members of that organization, and was therefore, the configuration of the first circumstance to structure the personal factor was discarded.*
>
> *(...)*
>
> *With that clarification, with regard to the personal factor derived from an accusation or conviction for being a member of FARC-EP, issued against* ***FABIO SIMÓN YOUNES-ARBOLEDA****, we note that the Identification and Records area*

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

*of the National Police, Investigation and Interpol Directorate, made known after a consultation of computerized criminal records and/or annotations, it was found that the citizen was the object of a Interpol notice "Order for detention... Issued 04-04-2018, by the US District Court..., with no further details.*

*The foregoing allows it to be seen the person required in extradition* ***HAS NOT BEEN*** *investigated, accused, tried or convicted as being "a member of FARC-EP ", and for this reason, we may legitimately conclude that there is no expression from any domestic judicial authority to indicate that the second of the probabilities which lead to configuration one of the requirements that give rise to the structuring of a personal factor - that is, having been accused of forming part of FARC-EP - has been satisfied.*

*Therefore, it is for the applicant to supply a section of the indictment by the Grand Jury adducing that this "implies my active membership of FARC", given that, as he indicates, he is under investigation for "criminal acts by reason of my membership", because what is certain is that there was no accreditation that any Colombian judicial authority issued a conviction, or conducted an investigation against* ***FABIO SIMÓN YOUNES-ARBOLEDA*** *because he belonged to the armed organization mentioned.*

*Further, it should be noted that the guarantee requested is addressed to "civilians who are non-combatants associated with the armed conflict, and not members of FARC", because, in turn, the claim may prosper, if we note that according to the terms of Transitory Article 19 of Legislative Act 1/1997, already cited, "****that guarantee of non-extradition refers to all members of FARC-EP accused of forming part of that organization for any conduct performed prior to the signature of the final agreement, for those persons who submit to SIVJRNR*** *(...)" (Emphasis added).*

*Further, we must not forget the personal requirement is further satisfied by submission of the applicant to the System, but the analysis of this requirement is unnecessary when it is clear that the personal factor was not satisfied, since the condition of the member of FARC-EP was not accredited.*

*Therefore, since the requirements activate competency* ***ARE NOT PRESENT****, this Review Section of the Peace Tribunal will refrain from taking knowledge of this matter which is revolves around "the guarantee of non-extradition", required by a person who does not meet the requirements established in the special legal order...."*

As can be concluded for the information on file, Order SRT-AE-077/2018 of November 30, 2018 was challenged by counsel for **YOUNES-ARBOLEDA.**

ANTHONY LETTS
Traductor Juramentado

The Review Section of the Peace Tribunal in Order SRT-AE-007/2019, of January 21, 2019, decided not to reconsider the Order SRT-AE-077/2018 of November 30, 2018.

The Review Section said the following in its decision:

> *Therefore, and attending to the fact that the requirement of a Constitutional order, that a beneficiary of the guarantee of non-extradition must satisfy the personal factor having been accused of belonging to FARC-EP, a reasoned interpretation of this provision leads us to understand that the accusation on this matter may only be issued by a national authority, because "... The fact of being a member of an illegal organization such as FARC-EP is not a motive which constitutes a sufficient basis in fact to configure conduct which in itself can be considered to be a crime in another country, as it is in our criminal legislation[17] ".*
>
> *In this manner, although the foreign judicial authority has said that **FABIO SIMÓN YOUNES-ARBOLEDA** is a member of FARC EP, nowhere is it stated in the indictment that the citizen was accused of this, that is, on the understanding of a compound accusation of factual and legal content, the US District Court in New York left the matter of membership of FARC-EP with no classification in law.*
>
> *In effect, the indictment does not lay any charges against **FABIO SIMÓN YOUNES-ARBOLEDA** in which the motivation was the alleged collaboration with or engagement to or membership of that organization, because what the motive of the accusation is that the citizen claimed and others conspired to import cocaine[18], and attempted importation of cocaine[19]...."*

In compliance with a decision on the protection of fundamental rights, the Review Section of the Peace Tribunal in an Order of May 28, 2019 granted an appeal, thereby suspending the proceedings, as requested by the attorney for **FABIO SIMÓN YOUNES-ARBOLEDA**, against order SRT-AE-077/2018 of November 30, 2018.

The Government, in Executive Resolution No. 234 of November 27, 2019, granting the extradition of **FABIO SIMÓN YOUNES-ARBOLEDA** in order precisely to guarantee the fundamental rights of the citizen, made it a condition of that the decision already adopted by the Review Section of the Peace Tribunal should be in firm, in Order SRT-AE-077/2018 of November 30, 2018, decided to refrain from processing the application of the guarantee of non-extradition presented by the citizen required; or the decision in firm in which it was decided not to apply that guarantee in the event that, by reason of the challenge, that jurisdiction should decide to take knowledge of the matter.

[17] Ort SRT-AE-077 of November 30, 2018, objections to which are decided in here.
[18] Count 1
[19] Counts 2 and 3

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

The foregoing, in the following terms:

> *"**ARTICLE 2**. To condition the delivery of Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** -to the enforceability of the decision already adopted by the Review Section of the Peace Tribunal in Order SRT-AE-077/2018 of November 30, 2018, deciding to refrain from processing the request for the application of the guarantee of non-extradition presented by the citizen required; or the firm decision that determines that the application of that guarantee will not be affected in the event that, by reason the challenge, that jurisdiction decided to take knowledge of the matter."*

The Judicial Secretary of the Appeal Section of the Peace Tribunal, in communication TP SA 2516-2019, of December 20, 2019 informed the Ministry of Justice and Law that the Appeals Section of the Peace Tribunal in Order TP-SA No. 273 of November 28, 2019 had decided to confirm the decision of the Review Section which had been to refrain from processing the request for the application of the guarantee of non-extradition presented be **FABIO SIMÓN YOUNES-ARBOLEDA**, and to revoke the decision to refer the request of that citizen, to the Amnesty or Pardon Bench of JEP.

The Secretary of the Appeals Section of the Peace Tribunal, in communication TP-SA 884-2020 of April 23, 2020 informed the Ministry of Justice and Law that the order by which the Appeals Section of the Peace Tribunal settled the matter of the appeal against the Order of November 30, 2018 issued by the Review Section, became enforceable on January 7, 2020 at 5. 30 p.m.

The Court officer said further:

> *"The foregoing, taking account of the fact that December 31, 2019 at 8 a.m. this matter was posted on Notice Board 161/2019, and therefore, the decision is in firm, three working days following that..."*

It is therefore clear that, in this case, due process was observed, but there was no limitation of a constitutional nature which put the extradition of the citizen **YOUNES-ARBOLEDA** out of order, and it could be established the crime that motivates the extradition is not political, that it was committed abroad, that it was not covered by the guarantee of non-extradition, since the personal factor has not been accredited, that is, that he is not a member of the former FARC-EP, nor is it shown that any Colombian judicial authority issued any conviction or mounted any investigation against **YOUNES-ARBOLEDA** for belonging to that organization.

The argument of the accused in which he claims recognition of the right to equality, same that he should be recognized as a member of FARC- EP in the same way that Santrich

ANTHONY LETTS
Traductor Juramentado

was accepted, by the fact of being co-accused, cannot be acceptable to the Government. As the Review Section of the Peace Tribunal clearly said, **YOUNES-ARBOLEDA**, amongst other things, has not been recognized as a member of FARC has EP, by virtue of the lists received and accepted in good faith by the High Commissioner for Peace.

Further, it should be noted that, fully in observance with the terms of Article 494 of Law 906/2004, and of the favorable opinion of the Criminal Cassation Bench of the Supreme Court of Justice in this case, the Government established in the Executive Resolution granting the extradition of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** corroborated United States of America, conditions the offered by the State requiring as a prior and necessary requirement for delivery.

In effect, in order to preserve the rights of the citizen required, the government, in Article 3 of the Executive Resolution challenged made the delivery of **FABIO SIMÓN YOUNES-ARBOLEDA** subject to an offer by the State requiring, processed through diplomatic channels, of a commitment to comply with the conditions established in Section 494.2 of Law 906/2004, that is, that prior to the delivery of the citizen **FABIO SIMÓN YOUNES-ARBOLEDA**, the U.S. Government must guarantee to the Colombian Government that the citizen will not be subjected to an 42 enforced disappearance, torture, or cruel, inhumane or degrading treatment or punishment, nor the punishment of banishment, life imprisonment or confiscation in accordance with Articles 11, 12 and 34 of the Colombian Constitution.

Further, in Article 4 of Executive Resolution 234 of November 27, 2019. The Government, attending to Section 494.1 of law 906/2004 advised the U.S. Government of its obligation not to try or convict the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** for any act prior to or other than that which motivates the request for extradition.

Specialty is a principal intrinsic to the mechanism of extradition, and therefore, a request for of that kind in itself entails a commitment to observance.

According to the foregoing, the Government cannot accept the statement made by the accused with regard to the fact that it is a constant in the judicial system of the United States of America to disregard the principle of specialty, because it is a guarantee which it has always recognized, and has established it as such. "The Embassy begs to assure the Government of Colombia that any individual extracted to from Colombia to the United States will be tried solely for crimes which have been approved by the Government of Colombia for his trial."[20]

As can be seen, not only in the application of the mechanism of extradition to be find a fundamental rights of the citizen required to be guaranteed, but also, in the State which claims him and where he is to be tried, his fundamental rights will be also be respected

[20] Diplomatic Note 314 of May 16, 1997

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

with full observance of the guarantees of due process, in accordance with the rules of the criminal law of the State requiring.

In the event that an extradited Colombian considers that his rights are being impaired, or he has any other complaint about the country which claims him, there is a possibility of requesting consular assistance in order to enforce in forces fundamental rights and guarantees, which he does not lose by his status as extraditee, and in that sense, he may make such requests as he considers relevant to the consulates that provide the assistance necessary to Colombian nationals detained abroad, in the context of the 1963 Vienna Convention on Consular Relations.

It is appropriate to note that the Ministry of Foreign Affairs, in its Migration and Consular Affairs and Citizen Service Department, provides effective follow-up to compliance with the conditions demanded of States requiring for the extradition of Colombian citizens, in compliance with the terms of Presidential Directive 7/2005, *"to implement the actions to be followed by the various Government entities intervening in the extradition proceedings, in order to make effective follow-up of the conditions demanded of states requiring for the extradition of Colombian citizens".*

In this sense, the administrative act challenged orders a copy of the Executive Resolution to be sent to the Migration and Consular Affairs and Citizen Service Department of the Ministry of Foreign Affairs, for the purposes indicated in the Presidential Directive, and the instructions of the Supreme Court of Justice in its opinion, with respect to conditions.

Through these mechanisms, the Colombian government Guarantees and protects the human rights of Colombian nationals delivered for trial abroad, because we reiterate, the purpose of Presidential Directive seven of November 3, 2005 is precisely to make effective follow-up of the conditions demanded of States requiring for the extradition of Colombian citizens.

With regard to the disagreement expressed in terms of the absence of participation and responsibility in in the acts attributed to him, it is important to note that the proceedings described procedure described in the law to decide on the grant of extradition does not offer the Supreme Court of Justice or the Government the possibility of treating the indictment, or sentence of the state requiring as a matter of study of substance, and much less, determining whether the citizen required is or is not innocent of the charges laid against him. The foregoing, attending to the fact that the nature of this mechanism of international judicial cooperation does not correspond to that of a criminal trial.

Nor is it the business of the Colombian authorities intervening in this proceeding to evaluate whether the judicial authorities of the state requiring do or do not have sufficient evidence to discredit the presumption of innocence of the accused, nor to determine the validity of evidence on which the request is based, or its capacity to convict, because

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 MinJusticia

these are matters of the exclusive parish of judicial authorities of the State requiring. On that occasion, before the judicial authorities pursuing criminal proceedings abroad, the citizen required will have the opportunity to propose means of evidence to discredit his participation in the criminal actions attributed to him n the indictment of April 4, 2008. To that extent, the presumption of innocence remains unaffected, because what the extradition mechanism permits is that the person claimed may go to trial, and there he may be acquitted or convicted.

Therefore, and taking into account that the extradition proceedings for the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** were conducted in full observance of and obedience to due process; that there is a prior and favourable opinion of the Supreme Court of Justice; and that this recourse has not provided any new elements of judgment that would lead the Government to vary its initial decision, the Government will confirm Resolution No. 234 of November 27, 2019 in all its parts.

Finally, on noting compliance with the condition established in Article 2 of Executive Resolution 234 of November 27, 2019, and since the Special Peace Jurisdiction JEP, in the Review Section of the Peace Tribunal has already made a pronouncement, in a decision which is now confirmed, and could establish that in this case, the citizen **FABIO SIMÓN YOUNES-ARBOLEDA** did not accredit the personal factor which would activate its competency to decide on the application of the guarantee of non-extradition provided for in Transitory Article 19 of Article 1 of Legislative Act 1 of April 4, 2017, the Government will proceed to order the delivery of that citizen, to the United States of America, subject to an offer made by the State requiring to comply with the conditions imposed by the Government as necessary rate prerequisite for delivery to materialize.

Finally, it should be noted that in the context of the "State of Economic, Social and Ecological Emergency," declared nationwide[21], to meet the serious public calamity of the pandemic of COVID-19, the Government has issued Legislative Decree 487 of March 27, 2020[22], in which, the terms of the extradition proceedings given in Law 600/2000 and in Law 906/2004, and related legislation were suspended for 30 calendar days, with some exceptions, and this term was extended in the same terms in Regulatory Decree 595 of April 25, 2020[23], as of April 25, 2020, and "through to the end of the health emergency ordered by the Ministry of Health and Social Protection"[24]

The Constitutional Court, exercising automatic control on Legislative Decree for487 of March 27, 2020 in decision C-201/20 of June 25, 2020[25], in file RE-251[26], declared that

[21] Decree 417 of March 17, 2020

[22] Published in Diario Oficial 51.269 of March 27, 2020

[23] Published in Diario Oficial 51.296 of April 25, 2020

[24] The Ministry of Health and Social Protection in Resolution 844 poof May 26, 2020 extended the health emergency nationwide up to August 31, 2020

[25] Communiqué 26 of June 28, 2020 on the Constitutional Court Webpage

[26] Alejandro Linares Cantillo presiding

ANTHONY LETTS
Traductor Juramentado
Res. 139/80

Legislative Decree 487 of March 27, 2020 **UNCONSTITUTIONAL**, advising that this decision "does not affect the 30-day suspension of extradition proceedings for persons required to comply with firm sentences in which enforceable decisions granting extradition have already been issued on the date of issue of Legislative Decree 487/2020".

Further, the Constitutional Court said that *"This decision applies in the future: in each case, judicial operators should consider restoration of terms in the extradition proceedings, as of the point at which they were suspended by reason of the mentioned Legislative Decree declared unconstitutional".*

Therefore it is

**RESOLVED**

**ARTICLE 1.** To confirm Executive Resolution No. 234 of November 27, 2019, granting the extradition of **FABIO SIMÓN YOUNES-ARBOLEDA** to appear for trial for the three Counts of indictment No. 18 Cr.262 (also cited as Vase No.- 18-262(VEC)) of April 4, 2018 in the U.S. District Court for the Southern District of New York, a decision contained in Executive Resolution 234 of November 27, 2019, as indicated in the Motivation section of this Resolution.

**ARTICLE 2.** To order the delivery of the Colombian citizen **FABIO SIMÓN YOUNES-ARBOLEDA** to the United States of America subject to the offer to be made by the State requiring with regard to compliance with conditions imposed by the Government as a per-requisite of delivery

**ARTICLE 3.** To communicate this decision to the person required or his counsel, advising her that there is no recourse, and Executive Resolution No. 234 of November 27, 2019 is in firm, as provided for by Article 87.2 of the Administrative Disputes and Procedures Code.

**ARTICLE 4.** To order a copy of this administrative act to be sent to the International Legal Affairs Office and the Migration and Consular Affairs and Citizen Service Division of the Ministry of Foreign Affairs, and to the Office of the Attorney General, for them to act accordingly.

**ARTICLE 5.** This Resolution takes effect from the date of its service.

**BE** THIS PUBLISHED, in the *Diario Oficial*, **served** on the required citizen or her counsel, **communicated** to the Ministry of Foreign Affairs and to the Attorney General's Office and **obeyed.**

---

Given in Bogotá, D.C. on July 16, 2020

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

Official translation No. 2020-0905 by Anthony Letts official translator per res. 139/1980 Ministry of Justice

Minister of Justice and Law,
**MARGARITA CABELLO-BLANCO**

---

**CERTIFIED A TRUE AND COMPLETE TRANSLATION, A COPY OF WHICH IS KEPT IN THE FILES OF AS TRADUCCIONES S.A.S. FOR COMPARISON. TEL. 623 3301.**

ANTHONY LETTS.
OFFICIAL TRANSLATOR
RESOLUTION 139/1980 MINISTRY OF JUSTICE

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

33



Consulado General de Colombia
10 E. 46th Street
New York, NY 10017

LEGAL MAIL

**Honorable Judge**
**Valerie E. Caproni**
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Judge
Valene G. Caproni
United States Courthouse
Southern District of New York
500 Pearl St.
NY, NY 10007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number (*Transfer from service label*) 7014 2120 0000 2914 7402

PS Form 3811, July 2013 Domestic Return Receipt AC - 361186